## ATCHISON, T. & S. F. RY. CO. v. ELDREDGE, County Treasurer.

No. 8464—Opinion Filed Dec. 11, 1917.

(169 Pac. 1071.)

(Syllabus.)

**1. Taxation — Powers of County Excise Board—Statutes.**

Prior to the passage of chapter 226, p. 412, Sess. Laws 1917, the county excise board was without authority to increase any estimate certified to them by the board of county commissioners, and taxes levied in pursuance of such increased estimate were void to the extent of such excess over the estimate certified by the board of county commissioners.

**2. Right to Remedy—Statutes.**

By section 52, art. 5, Wms. Ann. Const., the Legislature is denied the power to take away a cause of action after suit is commenced thereon, or to destroy any existing defense to such suit.

## 3. Taxation—Illegal Tax—Recovery—Statutes.

A party, who alleges a tax to be illegal by reason of some action from which the law provides no appeal, may pay the full amount of the first half of such tax at the time and in the manner provided by law, and by giving notice to the officer collecting such taxes, showing the grounds of complaint and that suit will be brought to recover same, maintain an action therefor, provided summons be served upon such officer within 30 days from such payment.

Error from District Court, Ellis County; T. P. Clay, Judge.

Action by the Atchison, Topeka & Santa Fe Railway Company against T. J. Eldredge, County Treasurer of Ellis County. Demurrer to petition sustained, and action dismissed, and plaintiff brings error. Reversed and remanded, with directions.

See, also, 65 Okla. 317, 166 Pac. 1085.

C. B. Leedy, Cottingham & Hayes, and Charles W. Woods, for plaintiff in error.

Frank E. Ransdell, Co. Atty., for defendant in error.

HARDY, J This is an appeal from a judgment of the district court of Ellis county, sustaining a demurrer to plaintiff's petition and dismissing the action. The Atchison, Topeka & Santa Fe Railway Company commenced the action against the defendant, as county treasurer of Ellis county, to recover certain taxes paid under protest. The petition alleged two causes of action; but, inasmuch as only one is discussed in the brief, we will consider that one only.

The board of county commissioners made an estimate for the salary fund in the sum of $11,168, which was raised by the county excise board to the sum of $19,809. Plaintiff contends that the excise board had no authority to increase the estimate made by the board of county commissioners, and that the levy made in pursuance of the increase was excessive and illegal. The increased levy upon the property of plaintiff in Ellis county for the first half of the year 1915 amounted to $598.51. In the case of St. L. & S. F. Ry. Co. v. Thompson, 35 Okla. 138, 128 Pac. 685, discussing the duties and powers of the excise board, it was said:

"The excise board is given no authority to make the estimate of expenses of the townships or the school districts; nor is it authorized to increase such estimates as made by the municipal authorities. They may investigate them, and if they ascertain that the estimates are greater than will be nec-

essary for the purposes the statute enumerates, the excise board, before approving them, may reduce the estimates. Its authority to levy taxes to raise funds to meet the estimated expenses each year is granted solely by the statute, and the measure of its power relative thereto must be found in the terms of the statute."

Applying the doctrine of that case, it follows, because the excise board was without authority to increase the estimate made by the board of county commissioners, that any increase made by it and any taxes collected by reason thereof would be illegal. The Legislature has since seen fit to enlarge the powers of the excise board by conferring authority to increase any estimate certified to them, or to add items thereto when, in its opinion, the needs of the municipality shall so require. Section 5, c. 226, p. 412, Sess. Laws 1917. This section, however, has no application to the situation here presented.

It is contended by defendant that any illegality in the action of the excise board was cured by chapter 38, p. 101, Sess. Laws 1916, which undertook to validate levies for the year in question. This probably would constitute a complete answer to defendant's contention, if plaintiff's action had not been commenced before the passage of the act relied upon; but, suit having been commenced before said act was passed, the rights of the plaintiff to the relief demanded could not be affected thereby because of section 52, art. 5, Wms. Ann. Const., which provides:

"After suit has been commenced on any cause of action, the Legislature shall have no power to take away such cause of action, or destroy any existing defense to such suit."

A similar situation was presented in Lusk et al., Receivers, v. Starkey, 53 Okla. 794, 158 Pac. 918, where the court held that said section of the Constitution preserved the plaintiff's right of action where suit had been commenced before the passage of the validating act relied upon.

It is contended that plaintiff cannot maintain this suit, because it has not complied with section 7, art. 1, c. 240, p. 638, Sess. Laws 1913, which provides:

"In all cases where the illegality of the tax is alleged to arise by reason of some action from which the laws provide no appeal, the aggrieved person shall pay the full amount of the taxes at the time and in the manner provided by law. * * *"

The validity of this legislation has been upheld, and the remedy therein specified is exclusive. Black v. Geissler, 58 Okla. 335,

159 Pac. 1124; Huber v. Akers, 66 Okla. 11, 166 Pac. 892.

The petition does not allege the payment of the full amount of the taxes assessed against plaintiff for the year 1915, but alleges only the payment of one-half thereof. The requirement is that the aggrieved party shall pay the full amount of the taxes at the time and in the manner provided by law, and that he shall give notice to the officer collecting the taxes, showing the grounds of complaint, and that suit will be brought for the recovery thereof. It is made the duty of such collecting officer to hold such taxes separate and apart from the other taxes collected by him for a period of 30 days, and if within such time summons shall be served upon such officer, in a suit for the recovery of such taxes the sum shall be held until the final determination of the suit. Section 1, c. 31, Sess. Laws 1915, amending section 1, c. 120, Sess. Laws 1910-11, provides that:

"One-half of all taxes levied upon an ad valorem basis, for the fiscal year, ending June 30, 1916, and for each fiscal year thereafter, shall be due on the first day of November, and unless said one-half of said taxes so levied shall be paid on or before the first day of January, the entire tax levied for such fiscal year shall be delinquent on said date. If the first half of the taxes, levied upon an ad valorem basis for any such fiscal year, shall have been paid on or before the first day of January, the second half shall become delinquent on the 15th day of June thereafter. * * * "

This section made the first half of said taxes due on the 1st day of November, but did not declare when the other half should be due; but, if the first half was not paid by the first day of January, then the entire amount became delinquent on said date, but upon payment of the first half on or before the 1st day of January the remainder did not become delinquent until the 15th day of June thereafter. I defendant's construction of the statute be correct, before plaintiff could maintain this suit, the entire amount of the assessment must have been paid, because, unless this was done, necessarily an action would have to be maintained for each separate half within 30 days after its payment, for the requirement of section 7, art. 1, c. 240, Sess. Laws 1913, is that summons must be served upon the officer collecting the taxes within 30 days from the payment thereof. The plaintiff was entitled to pay the first half of the taxes assessed against its property on or before the 1st day of January, 1916, and upon payment thereof, if it desired to bring an action therefor, was required to give notice at the

time of payment of its intention to do so, and cause summons to be served upon the officer collecting such taxes within 30 days from the payment thereof. If the first half of the taxes were paid by the 1st day of January, and plaintiff availed itself of the privilege accorded to pay the other half by the 15th day of June, then an action could not be brought for the recovery of any part of the first half; for, if the action therefor could not be commenced until after the payment of the second half, taking the first part of said section 7, art. 1, c. 240, Sess. Laws 1913, alone, it might justify the conclusion that the Legislature intended that the entire amount of the assessment should be paid, yet, considering this section in connection with section 1 of chapter 31, Sess. Laws 1915, giving the taxpayers the privilege of paying taxes assessed against them in two payments, it would seem that the correct interpretation would be that the party may pay the full amount of the installment due at the time and in the manner provided by law, which in this instance would be that the first half of the amount assessed should be paid on or before the 1st day of January, 1916, and that action should be commenced for the recovery thereof, and summons served upon the officer collecting same, within 30 days from the date of payment.

Under this view of the law, the court erred in sustaining the demurrer, and the judgment is reversed, and the cause remanded, with instructions to reinstate the case and overrule the demurrer to plaintiff's petition.

All the Justices concur.