**DULING, County Treasurer, v. FIRST NAT. BANK OF WELEETKA et al.**

No. 9765—Opinion Filed Oct. 8, 1918.

(175 Pac. 554.)

(Syllabus.)

**Taxation—Collection of Illegal Tax—Injunction—Suit for Recovery.**

An injunction will not lie to restrain the collection of a tax alleged to be illegal by reason of some action of the taxing officials from which an appeal will not lie, but the taxpayer must pay the tax at the time and in the manner provided by law, and give notice at the time to the collecting officer that same is paid under protest and that suit will be brought to recover same.

Error from District Court, Okfuskee County; Geo. C. Crump, Judge.

Action for injunction by the First National Bank of Weleetka and others, against Jo Duling, County Treasurer of Okfuskee County. Judgment for plaintiffs, and defendant brings error. Reversed and cause dismissed.

T. S. Hurst and Frank P. Douglass, for plaintiff in error.

J. B. Patterson, for defendants in error.

HARDY, J. The First National Bank of Weleetka and others commenced an action in the district court of Okfuskee county to enjoin the collection of certain taxes. Demurrer was interposed to the petition, which was by the court overruled, and, defendant electing to stand upon said demurrer and declining to plead further, judgment was rendered permanently enjoining defendant as county treasurer and her successors in office from collecting or attempting to collect the taxes levied. The petition alleges that plaintiffs are residents and taxpayers in the town of Weleetka and own property within its corporate limits; that said town is an incorporated town of more than 1500 inhabitants, and is a separate and distinct municipal corporation; that Weleetka township is a municipal township in Okfuskee county, and is a body corporate and politic, separate and distinct from the incorporated town of Weleetka; that the board of county commissioners of Okfuskee county, exercising the powers and duties of the board of trustees of Weleetka township caused to be levied certain taxes against the property of resident taxpayers in Weleetka township, and without authority of law, levied said taxes against all the taxable property of the incorporated town of Weleetka. and caused said unlawful levy to be extended upon the tax rolls of Okfuskee county and placed same in the hands of the county treasurer for collection. It is further alleged that said board of county commmissioners were without jurisdiction to levy or cause to be levied any taxes whatever for township purposes against the taxable property of the incorporated town of Weleetka and that said levy was and is excessive and illegal and without authority of law and void. It is further alleged that defendant, as the duly qualified and acting treasurer of Okfuskee county, has in her possession said tax bills and is proceeding to collect same, and is threatening to advertise the property of plaintiff as delinquent, and to distrain and sell same for the purpose of collecting said illegal taxes.

The demurrer should have been sustained. The tax was one whose alleged illegality arose by reason of the action of the county commissioners, from which no provision is made for an appeal, and plaintiffs' remedy is governed by section 7, c. 107, Session Laws 1915, p. 178. Section 4881, Rev. Laws 1910, which authorizes the issuance of injunction to restrain the illegal levy and collection of a tax, has been modified by section 7, c. 107, Session Laws 1915. Black et al. v. Geissler et al., 58 Okla. 335, 159 Pac. 1124; Atchison, T. & S. F. Ry. Co. v. Eldredge, 67 Okla.

110, 169 Pac. 1071; Rogers v. Bass. & Harbour Co., 64 Okla. 321, 168 Pac. 212. Under said section 7, if plaintiffs desired to be relieved from the collection of illegal taxes, it was their duty to pay same at the time and in the manner provided by law and at the time of payment to serve notice upon the collecting officer that such tax was paid under protest and that suit would be brought to recover the same.

The petition failed to state a cause of action and the judgment of the court is therefore reversed, and the cause dismissed.