**BROWN, County Treasurer, v. HENNESSEY STATE BANK.**

No. 9682—Opinion Filed April 13, 1920.

(Syllabus by the Court.)

**1. Taxation—Illegal Assessment—Remedies —Injunction.**

An injunction will not lie to restrain the collection of a tax alleged to be illegal by reason of some action of the taxing officials from which an appeal will not lie, but the taxpayer must pay the tax at the time and in the manner provided by law, and give notice at the time to the collecting officer that same is paid under protest and that suit will be brought to recover same.

**2. Taxation — Property Subject — Banks— Value of Stock—Deduction for Investment in Public Securities.**

Under the provisions of sec. 7318, Rev. Laws 1910, as amended by chapter 107, sec. 4, Sess. Laws 1915, banks should be assessed and taxed on the value of their shares of stock. A tax on the shares of stock is not a tax on the property of the corporation, and, therefore, shareholders are not entitled to have a deduction from the value of the shares of the amount of capital stock of the company which is invested in public building bonds and guaranty fund warrants.

**3. Same—Rendition and Payment—Bank Officer as Agent for Stockholders.**

The officer of the bank, in making the assessment list, acts as the agent of the stockholders both in listing the stock for taxation and in paying the taxes levied against said shares of stock.

Error from District Court, Kingfisher County; J. C. Robberts, Judge.

Action by the Hennessey State Bank against W. C. Brown, county treasurer of Kingfisher county, to enjoin tax collection. Judgment for plaintiff, and defendant brings error. Reversed.

W. A. McCartney, for plaintiff in error.

McKeever & Moore, for defendant in error.

McNEILL, J. This action was commenced in the district court of Kingfisher county by the Hennessey State Bank, defendant in error, as plaintiff, against W. C. Brown, county treasurer of Kingfisher county, plaintiff in error, as defendant. The parties will be referred to in the same position they occupied in the court below.

The purpose of the action was to enjoin the collection of certain taxes assessed for the years 1915 and 1916. The petition sets out that the bank is a corporation with a capital stock of $25,000, represented by 250 shares, and sets out the names of the stockholders, the number of shares owned by each, and the value thereof. The petition further states that on the 22nd day of May, 1915, M. A. Mitchell, the cashier, returned to the assessor of Kingfisher county an assessment list showing the authorized capital stock of the bank to be $25,000; surplus, $1,400; undivided profits, $10.56; value of real estate, $3,500; also a list of the stockholders, together with their post office addresses, the number of shares owned by each stockholder, and the value of said shares.

Plaintiff complains that none of the property was subject to taxation except the real estate, and that it had paid the taxes on the real estate; that the shares of stock were

not taxable, for the reason that the capital stock, surplus, and undivided profits were invested in public building bonds.

The second cause of action is practically the same, with the exception that it applies to taxes for the year 1916.

To this petition the county treasurer filed a demurrer, which was overruled. The county treasurer refused to plead further. Thereupon the court entered judgment against the county treasurer restraining him from collecting said taxes. Notice of appeal was given, and the case was brought here on appeal.

The plaintiff in error, the county treasurer, contends, for reversal, that the court erred in overruling the demurrer

First, for the reason that the collection of erroneous taxes cannot be enjoined, but the taxpayer must pursue the remedy provided by law, to wit: Pay the taxes under protest and bring suit against the county to recover the same.

Second, that the assessment was made according to law, and that the assessment was made against the shareholders for the value of the stock, and that said shareholders are not entitled to deduct from the value of the shares the amount of the capital stock invested in public building bonds.

This court has passed upon both questions, upholding the theory of the county treasurer. This court, in the case of Duling, County Treasurer, v. First Nat. Bank of Weleetka, 71 Oklahoma, 175 Pac. 554, stated as follows:

"An injunction will not lie to restrain the collection of a tax alleged to be illegal by reason of some action of the taxing officials from which an appeal will not lie, but the taxpayer must pay the tax at the time and in the manner provided by law, and give notice at the time to the collecting officer that same is paid under protest and that suit will be brought to recover same."

See, also, A., T. & S. F. Ry. Co. v. Eldredge, County Treasurer, 67 Oklahoma, 169 Pac. 1071.

Counsel for defendant in error, however, contend that these cases are contrary to the opinion of the Supreme Court of the United States in the case of the United States v. Board of County Commissioners of Osage County, 64 L. Ed. 129; but no such question is presented here as was presented in the United States Supreme Court, where the court stated:

"Notwithstanding the remedies afforded individuals by state law for correction of tax assessments equity will. to prevent a multi-

plicity of suits, entertain a suit by the United States on behalf of numerous Indians to prevent enforcement of excessive taxes."

The second question presented is: Were the shares of stock taxable at their actual value to the stockholders, and did the stockholders have a right to deduct from the value of said shares the amount of the capital stock invested in public building bonds? The exact question was presented and decided by this court in the case of Board of Equalization of Oklahoma Co. v. First State Bank of Oklahoma City, on March 9, 1920, 77 Okla. 291, wherein the court stated as follows:

"Under the provision of sec. 7318, Rev. Laws 1910, as amended by chapter 107, sec. 4, Sess. Laws 1915, banks should be assessed and taxed on the value of their shares of stock. A tax on the shares of stock is not a tax on the property of the corporation, and, therefore, shareholders are not entitled to have a deduction from the value of the shares of the amount of capital stock of the company which is invested in public building bonds and guaranty fund warrants."

Counsel for defendant in error contend that this holding of the court is contrary to the rule announced by the United States Supreme Court in Bank of California v. Richardson, 63 L. Ed. 212; but in this we cannot agree, as no such question was presented in that case, nor did the Supreme Court of the United States attempt to overrule its previous decisions, or the rule announced in the case of Van Allen v. Assessors, 70 U. S. (3 Wall.) 573, 18 L. Ed. 229, where the court stated as follows:

"A state possesses the power to authorize the taxation of the shares of national banks in the hands of stockholders, whose capital is wholly vested in stock and bonds of the United States, under the act of Congress of June 3, 1864."

The cases of the United States Supreme Court upholding this same kind of a tax are referred to in the opinion by Mr. Chief Justice Owen in the case of Board of Equalization v. First State Bank, supra.

Counsel further contend that this holding is contrary to the case of Iowa Loan and Trust Co. v. Fairweather, 252 Fed. 605; but in this we cannot agree, as the court there recognized the rule announced by the Supreme Court of the United States, and on page 608 stated as follows:

"Since the case of Van Allen v. Assessors, 70 U. S. (3 Wall.) 573, 18 L. Ed. 229, numerous states have, under the guise of imposing taxes upon shares of capital stock, actually assessed the value of government bonds, and in many cases such proceedings have been sustained upon the theory, which is now settled, that the stock of a bank and the

property of the bank may be separate subjects of taxation."

On page 610, the court again limited the rule that he was announcing, peculiar under the laws of Iowa, and stated:

"I am not discussing the well recognized rule that the stock in a corporation may be, for taxing purposes entirely separate and distinct from the property of the corporation. I am not referring to legislation in other states in which a tax upon stock of a corporation holding government bonds has been sustained; I am speaking only of the situation under the peculiar laws of Iowa."

Counsel suggest in their brief that the assessment in this case was made against the bank, or words to that effect; but no such contention as that was alleged in the petition, nor did they attempt to enjoin the same for the reason that the assessment was against the bank, and not the stockholders. The only allegation was that the assessment was illegal for the reason that the capital stock was invested in public building bonds. Section 4 of chapter 107, Sess. Laws of 1915, provides, in substance, that the officers of the bank shall pay the taxes assessed against the bank or the stock thereof, and shall retain the dividends of the bank belonging to the stockholders to pay the taxes, and makes the officers of the bank the agents for the stockholders both in listing the property for taxation and in paying the taxes. The plaintiff sought to evade the tax upon the ground that the shares were not taxable for the reason the capital was invested in public building bonds: therefore said petition failed to state a cause of action; nor was the injunction the proper remedy, as the plaintiff had a speedy and adequate remedy at law.

For the reasons stated, the judgment is reversed, with directions to sustain the demurrer and dismiss the petition.

OWEN, C. J., and RAINEY, HIGGINS, and BAILEY, JJ., concur.

PITCHFORD, J., dissents as to the law announced in the second and third paragraphs of the syllabus.