## In re ASSESSMENT OF TRADESMEN'S STATE BANK FOR 1917.

No. 10119—Opinion Filed May 24, 1921.

(Syllabus.)

**1. Taxation—Banks—Mode of Assessment.**

In assessing state or national banks, the assessment is not against the corporation upon its moneyed capital, surplus, and undivided profits, but the tax is levied against the shares of stock in the hands of stockholders, and the officers of the corporation act as the agent of the stockholders, both in listing the shares of stock for taxation and in paying the taxes levied against said shares of stock.

**2. Same—Valuation of Shares of Stock.**

The shares of stock in a state or national bank are to be assessed at their true value, which may, or may not, coincide with their book value.

**3. Same—Deduction of Amount Invested in Exempt Securities.**

In determining the value of shares of stock in a national or state bank for the purpose of taxation, no deduction is to be made on account of the capital of the corporation invested in securities which are exempt from taxation.

Error from District Court, Oklahoma County; Geo. W. Clark, Judge.

In the matter of the assessment of the Tradesman's State Bank of Oklahoma City for the purpose of taxation for the year 1917. From adverse decision of the Board of Equalization of Oklahoma County, the bank appealed to the district court, where judgment was in the bank's favor, and the county brings error. Reversed and remanded.

Forrest L. Hughes, Co. Atty., and M. S. Singleton, Asst. Co. Atty., for plaintiff in error.

Abernathy & Howell, for Tradesmen's State Bank.

McNEILL, J. This appeal involves the assessment of the Tradesmen's State Bank for the year 1917. The president of the bank made a return for the assessment to the assessor and claimed certain exemptions which were disallowed by the assessor. The president of the bank filed a complaint before the board of equalization of Oklahoma county praying that the assessment made by the county assessor be reduced in the sum of $20,000 for the reason $20,000 of the capital stock of the bank was invested in "depositors' guarantee fund warrants" on January 1, 1917. The case was submitted to the board of equalization upon an agreed statement of facts. It was agreed that the capital stock and surplus of the bank amounted to $105,000 and the assessment was for that amount, less the value of real estate assessed at $27,380 and less $3,200 invested in state funding bonds making the assessment at $74,420, and it was agreed the bank had invested $20,000 of the capital stock in "depositors' guarantee fund warrants." It was contended that $20,000 invested in said warrants was exempt from taxation and should be deducted ffrom the amount of the assessment, which claim was disallowed by the county board of equalization and an appeal was taken to the district court of Oklahoma county, and the cause was there submitted upon the agreed statement of facts presented to the board of equalization, and the trial court held that the amount of the capital stock invested in said warrants was not taxable, and deducted that amount from the assessment, and ordered and adjudged the assessment be made in the sum of $54,420, and further found the bank had paid the taxes in the sum of $1,632.86 and ordered the county treasurer to pay to the bank the sum of $559.29, the amount of taxes illegally collected. From said judgment the county has appealed.

The identical questions involved herein have been passed upon by this court since the filing of the appeal herein in three separate and distinct cases, to wit: Board of Equalization v. First State, 77 Okla. 291, 188 Pac. 115; Brown v. Hennessey, 78 Okla.

141, 189 Pac. 355; Board of Equalization of Kingfisher County v. People's National Bank, 79 Okla. 312, 193 Pac. 622. In the last case cited this court stated as follows:

"In assessing state or national banks, the assessment is not against the corporation upon its moneyed capital, surplus, and undivided profits, but the tax is levied against the shares of stock in the hands of stockholders, and the officers of the corporation act as the agent of stockholders, both in listing the shares of stock for taxation, and in paying the taxes levied against said shares of stock."

"The shares of stock in a state or national bank are to be assessed at their true value, which may, or may not, coincide with their book value."

"In determining the value of shares of stock in a national or state bank for the purpose of taxation, no deduction is to be made on account of the capital of the corporation invested in securities, which are exempt from taxation."

The assessment is levied against the shares of stock in the hands of the stockholder, and there is no contention that the shares of stock were not of the value for which they were assessed. The bank contends the only question submitted to the trial court was whether the warrants were assessable. This position is untenable. The question involved was whether a deduction should be made from the assessment on account of the capital stock being invested in these securities, and this is what the court decided, and this is what the court did—ordered the assessment reduced. This was error.

The error committed by the county assessor was in deducting from the assessed valuation the sum of $3,200 purporting to have been invested in state funding bonds.

For the reasons stated, the judgment of the court is reversed, and the cause remanded, and to take such further proceedings as are not inconsistent with the views herein expressed.

HARRISON, C. J., and JOHNSON, MILLER, and NICHOLSON, JJ., concur. PITCHFORD, J., dissents.