## WALCOTT, Bank Com'r, v. McCARROLL, County Treas.

No. 13782—Opinion Filed Feb. 27, 1923.

(Syllabus.)

**Taxation—Tax on State Bank Stock — Lien on Assets in Hands of Bank Commissioner.**

Taxes upon shares of stock of a state bank, assessed against the bank under section 9607, Compiled Statutes 1921, are not a lien on the assets of the bank in the hands of the Bank Commissioner who has taken over the assets of such bank for the benefit of the depositors' guaranty fund.

Error from District Court, Ellis County; C. C. Smith, Assigned Judge.

Petition by Roy Walcott, State Bank Commissioner, for sale of assets of failed bank; intervention by C. C. McCarroll, County Treasurer of Ellis County. Judgment for intervener, and the Bank Commissioner brings error. Reversed and remanded, with directions.

George F. Short, Atty. Gen., Wendell Johnson, Atty. for Banking Dept., and M. M. Thomas, for plaintiff in error.

Harry C. Brownlee, for defendant in error.

COCHRAN, J. The Bank Commissioner filed his petition for the sale of assets of the Bank of Gage and the county treasurer of Ellis county intervened and asked that the Bank Commissioner be required to pay the personal taxes assessed against the bank for the year 1921. Judgment was rendered in favor of the intervener, adjudging that the assets of the bank in the hands of the Bank Commissioner were subject to a lien for the taxes. From this judgment the Bank Commissioner has appealed.

The sole question presented is whether taxes assessed in the name of the bank on its shares of stock constitute a lien on the assets of the bank in the hands of the Bank Commissioner. Section 9607, Compiled Statutes 1921, provides the method by which the shares of stock of banks are assessed and collected. Under the provisions of this act the assessment of the taxes is not an assessment against the property of the bank, but is an assessment made on the shares of stock owned by the various stockholders. This assessment is made in the name of the bank and the bank is made the agent of its stockholders in the matter of listing such property for taxes and to pay the tax. In Brown, County Treasurer, v. Hennessey State Bank, 78 Okla. 141, 189 Pac. 355, this court held:

"Section 4 of chapter 107, Session Laws 1915, provides, in substance, that the officers of the bank shall pay the taxes assessed against the bank or the stock thereof, and shall retain the dividends of the bank belonging to the stockholders to pay the taxes, and makes the officers of the bank the agents for the stockholders both in listing the property for taxation and in paying the taxes."

In the Matter of the Assessment of the Tradesmen's State Bank of Oklahoma City, 82 Okla. 74, 198 Pac. 479, this court said:

"In assessing state or national banks, the assessment is not against the corporation upon its moneyed capital, surplus, and undivided profits, but the tax is levied against the shares of stock in the hands of stockholders, and the officers of the corporation act as the agent of stockholders, both in listing the shares of stock for taxation and in paying the taxes levied against said shares of stock."

Under the statute the state prescribed the mode by which the tax should be collected, and this it had a right to do not only as to state banks, but also national banks.

In National Bank v. Commonwealth, 9 Wall. (U. S.) 353, the court said:

"A very nice criticism of the proviso to the 41st section of the National Bank Act, now section 2219 of the Revised Statutes, which permits the states to tax the shares of such bank, is made to us to show that the tax must be collected of the shareholder directly and that the mode we have been considering is, by implication, forbidden. But we are of the opinion that while Congress intended to limit state taxation to the shares of the bank, as distinguished from its capital, and to provide against a discrimination in taxing such bank shares unfavorable to them as compared with the shares of other corporations and with other moneyed capital, it did not intend to prescribe to the states the mode in which the tax should be collected. The mode under consideration is the one which Congress itself has adopted in collecting its tax on dividends and on the income arising from bonds of corporations."

Under the provisions of section 9607, Compiled Statutes 1921, the county treasurer is given a cause of action to collect this tax on the shares of stock from any property of the bank or corporation, or from the avails from the sale of such share or shares, and it is made the duty of such officer to pay the tax assessed against such stock and to retain so much of the dividends of the stockholders as shall be necessary to pay such taxes on their shares of stock, and it is further provided that such officers may sell any of the stock and reimburse said bank for taxes so paid. It is further provided that any officer of the bank who shall pay over any dividend without paying the taxes shall become liable for such tax; but none of the foregoing provisions grant to the county a lien upon any of the property of the bank to secure the payment of this tax, and unless it can be determined from such provisions, or some other provision of the statutes, that a lien is given on the property of the bank, the judgment of the trial court cannot be sustained. The general tax lien could only apply to the property itself or to other property of the stockholder, and is not sufficient to fix a lien on the property of the bank. The only provisions of the statute which could in any way indicate an intention to fix a lien on the assets of the bank for the payment of tax on the shares of stock are the following:

"The officer or officers authorized to receive taxes may, all or either of them, have an action to collect the tax on any share or shares of bank stock from any property of said bank or corporation or from the avails of the sale of such share or shares and the tax against such a share or shares shall be and remain a lien thereon from January first in each year until the payment of said tax." And: "Taxes due upon any property in the hands of any receiver appointed by any court in this state, or in the hands of any assignee or trustee, shall be a prior first lien upon all of said property and shall be paid by such receiver, assignee or trustee before any other claim except his personal costs."

As to the first provision, the clause, "shall be and remain a lien thereon from January 1st in each year until the payment of the tax," refers to the share or shares of stock. In other words, this clause provides that the tax shall remain a lien on the share or shares of stock from January 1st of each year until the payment of the tax. As to the last provision, it cannot be held in any manner to fix a lien upon the property of the bank in the hands of the Bank Commissioner for the payment of a tax on the shares of stock, as it plainly provides "taxes due upon any property in the hands of any receiver," etc. The shares of stock are not to be considered property in the hands of a receiver of an insolvent bank, and taxes upon such shares could not be taxes upon the property in the hands of such receiver. We are of the opinion that no lien existed in favor of the county on the assets of the bank.

The judgment of the trial court is reversed, and the cause remanded, with directions to sustain the demurrer to the plea of the intervener, and to dismiss the same.

JOHNSON, V. C. J., and McNEILL, KENNAMER, and BRANSON, JJ., concur. NICHOLSON, J., dissents.