## BRUCE, Sheriff, et al. v. KIEFER LIGHT & FUEL CO.

No. 15107—Opinion Filed Jan. 2, 1925.

Rehearing Denied Feb. 24, 1925.

**Taxation—Tax Sale of Personalty—Action to Set Aside for Irregularities — Prerequisites to Suit.**

Where personal property has been sold for delinquent taxes, it is not necessary for the aggrieved person to pay the full amount of the taxes charged and give notice to the officer collecting the taxes showing the grounds of complaint and that suit will be brought for the recovery of the taxes, as provided by section 9971, Comp. Stat. 1921, before suit can be instituted to vacate and set aside the tax sale for irregularities, and restrain any interference with or disposition of the property during the pendency of such action.

(Syllabus by Jarman, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Creek County; Fred A. Speakman, Judge.

Action by Kiefer Light & Fuel Company against Abner Bruce, Sheriff of Creek County, and others. Judgment for plaintiff, and defendants bring error. Affirmed.

L. O. Lytle, Grady Lewis, and Earl Foster, for plaintiffs in error.

R. K. Robertson and Streeter Speakman, for defendant in error.

Opinion by JARMAN, C, This was an action by the Kiefer Light & Fuel Company, as plaintiff, against Abner Bruce, sheriff of Creek county, and others, to annul the sale of certain personal property by the sheriff for delinquent taxes.

The material allegations of the petition of the plaintiff are: That said plaintiff is a domestic corporation engaged in the business of furnishing, selling, and distributing gas in the town of Kiefer, Okla.; that the property of the plaintiff was assessed for ad valorem taxes for the year of 1922, which became due and delinquent on March 15, 1923, and a tax warrant for the amount of the delinquent taxes was issued and placed in the hands of the sheriff, but that the sheriff entered into an agreement with the

plaintiff whereby said tax warrant was not to be levied upon the property of the plaintiff prior to November 1. 1923; that in violation of said agreement said sheriff caused an alias tax warrant, which had been issued and delivered to him, to be levied upon the property of the plaintiff, and on October 29, 1923, said property was sold by the sheriff under the alias warrant to T. C. Brannan for the alleged consideration of $400, and a return of said sale was made by the sheriff and filed in the office of the county treasurer; that said T. C. Brannan merely acted as the agent of S. W. Anthony and the Kiefer Gas Company, a competitor of the plaintiff, in purchasing said property; and said purchasers, immediately after the tax sale, took steps to take possession of said property and were preparing to dismantle and destroy a large portion of the plant of the plaintiff; that the plaintiff went to the office of the county treasurer and tendered the amount of taxes due thereon, but same was refused for the reason that the taxes had been paid and the tax sale had. and thereupon this action was brought and the plaintiff made application to procure an order restraining the defendants from interfering with the property in question during the pendency of said action.

The petition alleges, however, that said tax sale is void for the reason that the alias tax warrant, under which said sale was made, contained unlawful and unauthorized fees, costs, and penalties, and was void for certain other irregularities specifically enumerated in the petition.

To said petition the defendants filed a general demurrer which was overruled, and, the defendants declining to plead further, judgment was rendered for the plaintiff, and defendants bring error to this court.

The sole question involved is whether the petition states facts sufficient to constitute a cause of action.

The defendants contend that, under the facts set out in the petition. the only remedy the plaintiff had was that provided by section 9971, Comp. Stat. 1921. which is section 7, c. 107, S. L. 1915, as follows:

"In all cases where the illegality of the tax is alleged to arise by reason of some action from which the laws provide no appeal, the aggrieved person shall pay the full amount of the taxes at the time and in the manner provided by law, and shall give notice to the officer collecting the taxes showing the grounds of complaint and that suit will be brought against the officer for recovery of them. It shall be the duty of such collecting officer to hold such taxes separate and apart from all other taxes collected by him, for a period of thirty days and if within such time summons shall be served upon such officer in a suit for recovery of such taxes, the officer shall further hold such taxes until the final determination of such suit. All such suits shall be brought in the court having jurisdiction thereof, and they shall have precedence therein; if, upon final determination of any such suit, the court shall determine that the taxes were illegally collected, as not being due the state, county or subdivision of the county, the court shall render judgment showing the correct and legal amount of taxes due by such person, and shall issue such order in accordance with the court's finding, and if such order shows that the taxes so paid are in excess of the legal and correct amount due, the collecting officer shall pay to such person the excess and shall take his receipt therefor."

The defendants contend that this case is ruled by the case of Duling. County Treas., v. First National Bank, 71 Okla. 98, 175 Pac. 554, and a number of other cases to the same effect. which hold that an injunction will not lie to restrain the collection of a tax alleged to be illegal by reason of some action of the taxing officials from which an appeal will not lie, but that the taxpayer must pay the tax at the time and in the manner provided by law and give notice at the time to the collecting officer that the same is paid under protest, and that suit will be brought to recover the same.

These cases deal with the collection of illegal taxes. The instant case is not an action to enjoin the collection of illegal taxes, but it is an action to vacate a tax sale on account of illegal proceedings rendering the same void. In this case the taxes had already been paid and there was no collection officer to whom said taxes could be paid, and if the rule contended for by the defendants was applicable in this case, the plaintiff was without any remedy at all. The plaintiff was entitled to have the subject-matter of the action preserved by a restraining order until the question of the legality of the tax sale was determined. and if the allegations of plaintiff's petition are true, and they are admitted to be so by the demurrer filed by the defendants, the plaintiff was entitled to have the tax sale vacated and set aside.

The court properly overruled the demurrer of the defendants, and the judgment of the trial court is affirmed.

By the Court: It is so ordered.