**STATE ex rel. MOTHERSEAD, Bank Com'r, v. BENNETT, County Treas.**

No. 15670—Opinion Filed Feb. 2, 1926.

(Syllabus.)

**1. Taxation—Payment Under Protest—Statutory Notice to Collector.**

Section 9971, Comp. Stats. 1921, providing that "In all cases where the illegality of the tax is alleged to arise by reason of some action from which the laws provide no appeal, the aggrieved person shall pay the full amount of the taxes at the time and in the manner provided by law, and shall give notice to the officer collecting the taxes showing the grounds of complaint and that suit will be brought against the officer for recovery of them," contemplates that the notice provided therein shall be given the collecting officer at the time such taxes are paid.

**2. Same—Exclusive Remedy Against Illegal Tax—Action—Service of Process—Time.**

Section 9971, Comp. Stat. 1921, provides the exclusive remedy against an illegal tax, and the provision requiring service of summons upon the county treasurer within 30 days after the payment of the tax is not a statute of limitation, but a condition precedent to maintaining an action, and, where the summons is not served upon the county treasurer within 30 days, the plaintiff cannot maintain his action.

Appeal from District Court, Pittsburg County; Harve L. Melton, Judge.

Action by State of Oklahoma ex rel. O. B. Mothersead, Bank Commissioner, against J. D. Bennett, County Treasurer of Pittsburg County. Judgment for defendant, and plaintiff appeals. Affirmed.

Wilkinson & Hudson, for plaintiff in error.

W. E. Gotcher, Co. Atty., and Burns McCain, Asst. Co. Atty., for defendant in error.

PHELPS, J. In October, 1922, the Bank of Crowder, in Pittsburg county, failed and the assets were taken over by the State Bank Commissioner, who put Frank Thornton in charge of the affairs of such bank as liquidating agent, and on the 15th day of August, 1923, Mr. Thornton, as such liquidating agent, paid to the county treasurer of Pittsburg county the sum of $621.50 taxes, which had been assessed against the capital stock of the bank.

It appears from the record that Mr. Thornton paid the taxes in question voluntarily and without protest, out of the assets of the failed bank. On August 18, 1923, the attorney for the Banking Department advised the local attorney for the Bank Commissioner, by letter, that the assets of the failed bank, being the property of the state, were not liable for the taxes thus assessed. Whereupon Mr. Wilkinson, the local attorney for the Banking Department, made an oral demand on the county treasurer for the return of the money so paid, advising him that suit would be filed for the recovery of the taxes. The county treasurer refused to return the taxes so paid, and suit was filed on August 25, 1923, summons issued and served on August 28, 1923, and on February 15, 1924, the cause was dismissed, and on the same day a new suit was commenced, summons issued and served on the county treasurer, and upon trial of the issues the court found for the defendant, to reverse which this appeal is prosecuted.

It is not contended that the taxes paid were in fact a lien upon the assets of the failed bank. Indeed, the law on that question seems to have been settled in Walcott v. McCarroll, 88 Okla. 279, 213 Pac. 296, in the syllabus of which this court said:

"Taxes upon shares of stock of a state bank, assessed against the bank under section 9607, Comp. Stats. 1921, are not a lien on the assets of the bank in the hands of the Bank Commissioner who has taken over the assets of such bank for the benefit of the depositors' guaranty fund."

This rule was followed in Gourd v. Bank, 90 Okla. 298, 217 Pac. 358.

But it is contended on the part of the defendant in error, who was county treasurer and defendant below, that, as the taxes were paid voluntarily and no claim or mention made that their illegality would be questioned until three days after the payment was made, the plaintiff could not, under the law, recover the same. Plaintiff relies for recovery upon the provisions of section 9971, Comp. Stats. 1921, wherein it is provided that in all cases where the illegality of the tax is alleged to arise by reason of some

action from which the laws provide no appeal, it is the duty of the person paying the tax to pay the full amount—

"At the time and in the manner provided by law, and shall give notice to the officer collecting the taxes' showing the grounds of complaint and that suit will be brought against the officer for the recovery of them."

It is further provided therein that the collecting officer shall hold such taxes separate and apart from other taxes collected by him for a period of 30 days. It will be observed that this section of the statute does not specifically state that the notice must be given at the time the payment is made, but, in our judgment, to hold that such notice was within the contemplation of the legislators when the act was passed, is a fair and reasonable construction to place upon it. We can easily contemplate the endless confusion that would arise by taxpayers paying their tax, allowing the county treasurer to mix and mingle the funds with other taxes collected by him, and then at a later date return to his office and advise him that such taxes were paid erroneously, demand their return and give notice of suit. If we can reach the conclusion that the taxpayer would have the right within three days to demand the return of his money voluntarily paid, we might as readily conclude that he might do so at any later date.

It is also contended by defendant in error that plaintiff was not entitled to recover for the reason that the summons in the present action was not served on the defendant county treasurer until February 16, 1924, after the tax, the recovery of which is sought, was paid on August 15, 1923. In Going v. Carter Oil Co., 88 Okla. 222, 214 Pac. 922. in the first paragraph of the syllabus this court said:

"Section 9971, Comp. Stats. 1921, provides the exclusive remedy against an illegal tax, and the provision requiring service of summons upon the county treasurer within 30 days after the payment of the tax is not a statute of limitation. but a condition precedent to maintaining an action, and where the summons is not served upon the county treasurer within 30 days, the plaintiff cannot maintain his action."

While there is a statement in the briefs that this action was originally filed on August 25. 1923, upon which we predicated our statement of facts herein, yet the case-made before us, containing all the record of the proceedings, shows that the action was filed on February 15. 1924. and that the summons was served on February 16, 1924, and taking the statements in the record as our guide,

rather than the statement of counsel in their briefs, we must, of necessity, reach the conclusion that the cause was not commenced within 30 days after the payment of the tax as provided in section 9971, Comp. Stats. 1921.

The judgment of the district court is affirmed.

All the Justices concur.