## ST. LOUIS-S. F. RY. CO. v. HENDRICKSON, Co. Treas.

No. 15847.  Opinion Filed Oct. 25, 1927.

(Syllabus.)

**Taxation—Action to Recover Illegal Taxes—Petition Demurrable for Noncompliance with Statutory Conditions.**

By section 9971, C. O. S 1921, the right to maintain an action for the recovery of an illegal tax is conditioned on compliance with all the requirements therein contained. And in such case. where a petition on its face shows that one of the essential requisites has not been complied with. it fails to state a cause of action, and is fatal on demurrer.

Commissioners' Opinion, Division No. 1.

Error from District Court, Latimer County; E. F. Lester, Judge.

Action by the St. Louis-San Francisco Railway Company, against A. A. Hendrickson, County Treasurer of Latimer County, for the recovery of illegal taxes. Judgment for defendant on demurrer, and plaintiff appeals. Affirmed.

W. F. Evans and Stuart, Sharp & Cruce for plaintiff in error.

Claud Briggs, for defendant in error.

TEEHEE, C. In this appeal the parties appear as they appeared in the trial court. Plaintiff, on January 24, 1924, filed its petition for the recovery of certain alleged illegal and void taxes assessed and levied against its property in Latimer county for the fiscal year of 1923, which it paid under protest to the defendant as county treasurer of said county. The petition contained six causes of action.

On February 2, 1924, defendant filed a motion to require plaintiff to make the second and fourth causes of action more definite and certain, and that plaintiff attach a copy of its protest under which said taxes were paid. Upon sustention of said motion, plaintiff, on March 1, 1924, filed its amended petition in the particulars to which the motion was directed.

The amended second cause of action in substance alleged that of a levy of 16.55 mills for the county, 4.914 mills was a sinking fund levy for a bonded indebtedness of $302,025; that the assessed property valuation in the county for the year prior to the issuance of said bonds was $7,361.788; that at the time of the issuance of said bonds there was outstanding a net indebtedness of $82,500. which, added to the new indebtedness, totaled $384,500; that such total indebtedness was $16,411, in excess of 5 per cent. of said assessed property valuation, the constitutional limitation of indebtedness, for which reason the said sinking fund levy was illegal and void, and created an illegal tax of $571.51 against plaintiff's property. and prayed judgment for the amount thereof.

As to the fourth cause of action, it was likewise alleged that of a levy of 23.8 mills for a certain school district of the county, 7 76 was a sinking fund levy for a bonded indebtedness of $28,000; that the assessed valuation of property in said school district for the year prior to the issuance of said bonds was $568,602; that at the time of the issuance of said bonds there was outstanding a net indebtedness of $1,000, which added to the new indebtedness totaled $29,000; that such total indebtedness was $570, in excess of 5 per cent. of the assessed property valuation in said school district, the constitutional limitation of such indebtedness, for which reason the said sinking fund levy was illegal and void, and created a void tax against plaintiff's property in said school district in the sum of $242.03, and prayed recovery of the amount thereof.

Plaintiff further alleged that the first half of the 1923 taxes assessed and levied against its property in said county, which included the alleged illegal taxes were by it paid on the 8th day of January, 1924, as shown by the notice attached to its petition given to the defendant at the time of payment, to which notice there was attached defendant's certificate showing that the notice was presented to and received by the defendant on the date of payment as alleged.

On March 24, 1924, defendant filed a demurrer against the second and fourth causes of action as amended, on the grounds that they each failed to state facts sufficient to constitute causes of action against the defendant, and that they, on their face, disclosed that they were each barred by the statutes of the state, and prayed dismissal thereof. On April 28, 1924, the demurrer was sustained, but allowed defendant ten days to file answer to the remainder of the petition. To this order of the court. in so far as it was affected, plaintiff excepted, and thereupon appealed to this court for reversal of said order. Thus is presented the single proposition of the sufficiency of the challenged pleadings to state a cause of action.

In support of its appeal, plaintiff contends as follows:

"The question to be decided by this court is: Is a tax levy for the purpose of retiring bonds issued in excess of the constitutional limitation a valid levy?"

Thereunder plaintiff urges:

"The first question which presents itself is whether plaintiff has charged sufficient facts to show that such excessive levy was in fact made.

"The only other question, as we view it, pertains to whether bonds issued in excess of the constitutional limitation are void. If said bonds are void, then no tax levy could be enforced for the payment of same."

To sustain the causes of action involved plaintiff relies on section 26 of art. 10 of the state Constitution, which limits public indebtedness in any year to five per cent. of the assessed property valuation.

Plaintiff thereupon analyzes the causes of action challenged to show that the facts therein alleged "clearly charge a violation of the limitation expressed in the Constitution," and further argues that nothing else material could be added; and that both its notice of protest and summons were served in conformity with law.

In further support of its contentions plaintiff cites and quotes from Decker v. Stanfield, 34 Okla. 524, 126 Pac. 239, and several other like cases from both this court and the

Supreme Court of the United States, which clearly lay down the principle that indebtedness incurred in excess of the constitutional limitation is without authority and void; and In re Indian Territory Illuminating Oil Co., 43 Okla. 307, 142 Pac. 997, which is to the effect that for every tax levy there must be specific authority therefor.

Defendant contends that the aforesaid causes of action, on the face of the petition, show that they are barred by the provisions of section 4284, C. O. S. 1921, which provides that public securities shall be incontestable after 30 days of the approval thereof by the State Bond Commissioner.

Thereunder defendant undertakes to show that the indebtedness alleged by plaintiff in both of the challenged causes of action was incurred long prior to the expiration of the 30-day limitation, and that since plaintiff had not brought itself within the provisions of the statute, it cannot now be heard to challenge the legality of such indebtedness. In support of this argument defendant mainly relies on the case of City of Chickasha v. O'Brien, 58 Okla. 46, 159 Pac. 282, which lays down the rule of incontestability in conformity with the statute.

In our view, neither of these contentions is determinative of the matter involved, as the action is not primarily to test the validity of the indebtedness for which the taxes involved were assessed and levied, but for the recovery of such taxes by reason of the illegality thereof. In this jurisdiction the right of recovery of illegal taxes paid by the taxpayer is statutory. The theory of the law is that such an action is in effect a suit against the state, and to maintain it the complaining party must meet the requirements of the law granting that right. Hence, the rights of the parties here are to be determined by the law of the state providing the method of recovery in this class of cases. The controlling provision of law is contained in section 9971, C. O. S. 1921. This is as follows:

"In all cases where the illegality of the tax is alleged to arise by reason of some action from which the laws provide no appeal, the aggrieved person shall pay the full amount of the taxes at the time and in the manner provided by law, and shall give notice to the officer collecting the taxes showing the grounds of complaint and that suit will be brought against the officer for recovery of them. It shall be the duty of such collecting officer to hold such taxes separate and apart from all other taxes collected by him, for a period of 30 days, and if within such time summons shall be served upon such officer in a suit for recovery of such taxes, the officer

shall further hold such taxes until the final determination of such suit. All such suits shall be brought in the court having jurisdiction thereof, and they shall have precedence therein; if, upon final determination of any such suit, the court shall determine that the taxes were illegally collected, as not being due the state, county or subdivision of the county, the court shall render judgment showing the correct and legal amount of taxes due by such person, and shall issue such order in accordance with the court's findings, and if such order shows that the taxes so paid are in excess of the legal and correct amount due, the collecting officer shall pay to such person the excess and shall take his receipt therefor."

That this is the controlling provision of law is admitted by plaintiff in its reply brief, for it is there by it urged that defendant's argument, that the statute of limitation by him cited barred plaintiff's causes of action, is unsound for the reason that the proper statute of limitation applicable to the case is contained in said section 9971.

The method of recovery pointed out by the statute has been judicially declared to be a plain, speedy and adequate remedy and exclusive. Huber v. Akers, 66 Okla. 11, 166 Pac. 892; Atchison, T. & S. F. Ry. Co. v. Eldredge, 65 Okla. 317, 166 Pac. 1085; Black v. Geissler, 58 Okla. 335, 159 Pac. 1124; McCoy v. Childers, 124 Okla. 256, 265 Pac. 25; Going v. Carter, 88 Okla. 222, 214 Pac. 922.

The time and manner of payment of taxes referred to in section 9971 is fixed by section 9719 C. O. S. 1921, as amended by chapter 151, S. L. 1923 the relevant part thereof being as follows:

"One-half of all taxes levied upon an ad valorem basis, * * * shall become due on the first day of November, and unless said one-half of the taxes so levied shall be paid on or before the first day of January, the entire tax levied for such fiscal year shall become delinquent on said date. If the first half of the taxes, levied upon an ad valorem basis for any such fiscal year, shall have been paid on or before the first day of January, the second half shall become delinquent on the 15th day of June thereafter. * * * but should the first half of the taxes be not paid as herein provided, the entire tax levied for such fiscal year shall become delinquent at the time herein specified."

By the foregoing provisions of law the sufficiency of the challenged pleadings must be tested. The question, therefore, is, Has plaintiff brought itself by its pleadings within these provisions of law? The plain requirement is that plaintiff must pay the full amount of the alleged illegal taxes "at the time and in the manner provided by law, and

shall give notice to the officer collecting the taxes showing the grounds of complaint, and that suit will be brought against the officer for recovery of them," and that if suit shall be brought service of summons must be had within 30 days after payment of such taxes. The legal requisites, therefore, as a condition precedent to the maintenance of the action are threefold, namely: (1) Payment of the alleged illegal taxes at the time and in the manner fixed by law; (2) notice to the collecting officer that suit will be brought against him for the recovery of such taxes so paid; and (3) that suit shall be filed and summons therein served on the defendant officer within 30 days after the payment of the taxes.

The challenged pleadings show that the taxes involved were paid on January 8, 1924. This was eight days after the first half of taxes for 1923 was payable, for by section 9719 the first half was payable not later than January 1, 1924. On the date of payment the notice or protest required was given to the collecting officer. The suit was filed on January 24th. The record does not show the date of service of summons on the defendant. It appears, however, from the statement of plaintiff in its brief, that summons was so served within 30 days from payment. In these circumstances the trial court concluded that the challenged pleadings did not plead facts sufficient to constitute causes of action, and to call into exercise the power of the court to determine plaintiff's right of recovery. That there must be full compliance with the requirements of the law, as a condition precedent to maintain an action for the recovery of illegal taxes paid by the taxpayer, is no longer a controversial question in this state. Bristow Battery Co. v. Payne, 123 Okla. 137, 252 Pac. 423; Eaton v. St. Louis-S. F. Ry. Co., 122 Okla. 143, 251 Pac. 1032; Oklahoma News Co. v Ryan, 101 Okla. 151, 224 Pac. 969; Atchison, T. & S. F. Ry Co. v. Eldredge, 67 Okla. 110, 169 Pac. 1071; Going v. Carter Oil Co., supra; State ex rel. Mothersead v. Bennett 114 Okla. 76, 243 Pac. 726.

No adjudicated case by this court has been called to our attention involving payment after the time fixed by law as in the case at bar In all of the foregoing cases, wherein was involved the right of recovery of illegal taxes paid by the taxpayer. the payment was made in accordance with the statute.

Under the foregoing authorities, therefore. since it appears from the record in the case at bar that plaintiff failed to make payment of the taxes complained of "at the time and in the manner provided by law," that is to say, payment of the first half not later than January 1, 1924, it must follow as a legal proposition that plaintiff's right of recovery cannot, in this action, be adjudicated, unless, as plaintiff finally contends in its supplemental brief, chapter 148, S. L. 1924, which extended the time of payment of the first half of the 1923 taxes to May 1, 1924, cured the defect as to the time and manner of payment. This was a House Joint Resolution of the second special session of the Ninth Legislature. As shown by the journals of the Legislature, the measure was introduced in the House on January 15, 1924 and passed January 17th, whereupon it was presented to the Senate and there passed on January 22nd, and by the Governor approved on January 28th. In support of its appeal in this respect, plaintiff relies on Mullican v. Smith, 85 Okla. 148, 204 Pac. 104; Oklahoma News Co. v. Ryan. supra; and First National Bank v. Pitts, 120 Okla. 8, 149 Pac. 907. In the first case relied on, the question of redemption was involved, and it was held that the taxpayer's right of recovery of an illegal tax was preserved under said section 9971, where such taxes were paid within the time fixed by the redemption statute In the next case the tax was paid after the approval of a similar resolution, and within the time therein fixed for payment, and this was held to be a payment as required by said section 9971. And in the last case it appeared that the county treasurer, in conformity with said section 9719, as amended, supra, gave notice that the first half of the tax there involved would not become delinquent until February 8th, and the payment having been made within the time thus fixed, this was held to be a payment "at the time and in the manner provided by law." In the case in hand it is plain that none of these elements are present. and for that reason the cases relied on are without application.

For the foregoing reasons, therefore. the order of the district court sustaining defendant's demurrer to the second and fourth causes of action contained in plaintiff's amended petition is affirmed.     —

BENNETT. LEACH. REID, and DIFFENDAFFER, Commissioners. concur.

By the Court: It is so ordered.

Note.—See 37 Cyc. pp. 1185 (Anno), 1189 (Anno).