**BOND, County Treas., et al. v. ZWEIGEL.**

No. 17894.  Opinion Filed March 6, 1928.

(Syllabus.)

1. **Taxation—Increase in Valuation Without Notice to Taxpayer—Remedy by Suit to Recover Illegal Tax After Payment Under Protest.**

When property has been voluntarily listed for taxation by the owner, and the valuation placed thereon by him is increased by the assessor or by the board of equalization without timely notice to him or without his knowledge or consent, and he is thereby deprived of his right of appeal, his remedy is to pay the taxes under protest and proceed in accordance with the provisions of section 9971, C. O. S. 1921.

2. **Same—Payment of Taxes as Prerequisite to Suit—Insufficiency of Petition.**

In an action by a property owner to recover alleged illegal and excessive taxes paid a county treasurer, and to reduce excessive taxes not yet paid, alleged to have arisen by reason of unauthorized increase in valuation, as in the instant case, and the petition filed therein fails to show compliance with the provisions of section 9971, C. O. S. 1921, the same fails to state a cause of action, and is subject to demurrer.

3. **Same—Judgment for Taxpayer not Sustained.**

Record examined, and held insufficient to support the judgment of the trial court.

Commissioners' Opinion, Division No. 1.

Error from District Court, Atoka County; J. H. Linebaugh, Judge.

Action by A. Zweigel against Henry J. Bond, County Treasurer, and others, to recover an alleged illegal tax and to correct and restrain an illegal tax. Judgment for the plaintiff, and defendants appeal. Reversed, with directions.

H. H. Cook, County Atty., for plaintiffs in error.

J. G. Ralls, for defendant in error.

LEACH, C.  On July 11, 1925, A. Zweigel, defendant in error, as plaintiff, filed this action in the district court of Atoka county, and alleged, in substance, that the defendants, Henry J. Bond and R. L. Miller, plaintiffs in error here, were county treasurer and county assessor of Atoka county, respectively; that plaintiff was the owner of certain lots located in the town of Atoka; that he rendered said lots for taxation for the year 1923 to the county assessor at a total valuation of $2,500; that said rendition was accepted by the assessor and entered on his assessment books accordingly; that someone made an entry on the assessor's book changing the valuation of the property from $2,500 to $5,500; that such change was not made or authorized by the board of equalization or the assessor; that plaintiff had no notice, and did not know that such change had been made until the year 1925; that on the 20th day of November, 1924, without knowing that said illegal charge had been made, he paid to the county treasurer as taxes on the property the sum of $279.04; that if the tax had been estimated on a valuation of $2,500, the amount would have been only $127; that for the year 1924, the said county treasurer had entered on his tax rolls said lots based on a valuation of $5,500 instead of $2,500; that the taxes for 1924 had not been paid. Plaintiff alleged that he had no adequate or speedy remedy at law to secure an adjustment, and prayed a mandatory injunction to compel the county assessor to correct the assessment, and the county treasurer to correct the tax rolls; that the sum of $152.04 excess taxes paid for the year 1923 be applied in payment of the 1924 taxes on the property involved, and that the balance of such excess, if any, be refunded plaintiff.

Defendants interposed their general and special demurrer to the petition upon the grounds that the petition failed to state sufficient facts to entitle plaintiff to recover; that the taxes were not paid under protest;

that the action was not filed within the time required by law, and specially demurred to the prayer for relief for taxes paid upon the ground that it does not appear the taxes were paid within the time required by law and under protest.

The demurrer was overruled, and defendants electing to stand upon their demurrer, the court rendered judgment in favor of plaintiff, directing the county assessor to correct the assessment rolls of his office so as to show the valuation upon the property involved to be $2,500 for the years 1923 and 1924; directed the county treasurer to correct the tax rolls accordingly, and further directed the county treasurer to issue to plaintiff a receipt for the payment of said taxes for the years 1923 and 1924, and that no penalty be assessed against said lots for either of said years, to which ruling and action of the court the defendants excepted and bring the cause here for review.

The plaintiffs in error, as grounds for reversal, cite and rely upon the authority of the cases of Duling, County Treasurer, v. First Nat. Bank of Weleetka, 71 Okla. 98, 175 Pac. 554; Black v. Geissler, 58 Okla. 335, 159 Pac. 1124, and the provisions of section 9971, C. O. S. 1921.

Defendant in error contends that the cases and statute cited are not applicable; that the statute referred to gives no relief in a case like the one at bar; that the change in the valuation not being made by the assessor, or under any authority, the act was a forgery and a fraud upon plaintiff; that he paid the 1923 taxes without any knowledge that the valuation had been raised, and for such reasons he was entitled to equitable relief. No authority is cited in support of such argument. We are unable to distinguish any material difference between this case and a number of others construing the provisions of section 9971, C. O. S. 1921. The facts do not appear to be such as would change the rule of law heretofore enunciated by this court. Section 9672, C. O. S. 1921, requires the assessor to make up the tax rolls and file the same with the county treasurer. There is no allegation that the tax rolls were changed, only the assessor's book. It appears immaterial whether the change in the assessor's book was made by the assessor or another.

"An injunction will not lie to restrain the collection of a tax alleged to be illegal by reason of some action of the taxing officials from which an appeal will not lie, but the taxpayer must pay the tax at the time and in the manner provided by law, and give notice at the time to the collecting officer that

same is paid under protest and that suit will be brought to recover same." Duling v. Bank of Weleetka, supra; Brown, Co. Treas., v. Hennessey State Bank, 78 Okla. 141, 189 Pac. 355; A., T. & S. F. Ry. Co. v. Eldredge, 65 Okla. 317, 166 Pac. 1085; Huber v Akers, 66 Okla. 11, 166 Pac. 892.

"Section 9971, C. O. S. 1921, provides the exclusive remedy against an illegal tax, and the provision requiring service of summons upon the county treasurer within 30 days after the payment of the tax is not a statute of limitation, but a condition precedent to maintaining an action, and where the summons is not served upon the county treasurer within 30 days, the plaintiff cannot maintain his action." Going, Co. Treas., et al. v. Carter Oil Co., 88 Okla. 222, 214 Pac. 922.

In the case of State ex rel. Mothersead, Bank Com'r, v. Bennett, Co. Treas., 114 Okla. 76, 243 Pac. 726, that being an action by the Bank Commissioner to recover certain taxes voluntarily paid and without protest, out of the assets of a failed bank, such taxes not being a lien against such assets, this court held the provisions of section 9971, C. O. S. 1921, the exclusive remedy, and required a compliance therewith to entitle recovery of such taxes.

The court in the case of McCoy v. Childers, State Auditor, 124 Okla. 256, 256 Pac. 25, after referring to the provisions of section 9971, C. O. S. 1921, in the body of the opinion said:

"We, therefore, hold that this court is committed to the doctrine that a statute which provides for the payment of taxes under protest and an action to recover same gives the taxpayer an adequate remedy at law, and the same is exclusive."

In a very recent decision of the court, in the case of Hays v. Bonaparte, County Treasurer, 129 Okla. 258, 264 Pac. 605, it was said:

"When property has been voluntarily listed for taxation by the owner, and the valuation placed thereon by him is increased by the assessor or by the board of equalization without timely notice to him, or without his knowledge or consent, and he is thereby deprived of his right of appeal, his remedy is to pay the taxes under protest and proceed in accordance with the provisions of section 9971, C. O. S. 1921."

"By section 9971, C. O. S. 1921, the right to maintain an action for the recovery of an illegal tax is conditioned on compliance with all the requirements therein contained. And in such case, where a petition on its face shows that one of the essential requisites has not been complied with, it fails to state a cause of action, and is fatal on demurrer." St. Louis- S. F. Ry. Co. v. Hen-

drickson, Co. Treas., 127 Okla. 242, 260 Pac. 476.

From an examination of the plaintiff's petition, the same does not appear to state facts sufficient to take the same out of the rule laid down by this court in the above cited decisions. Therefore, the order of the district court overruling defendants' demurrer and entering judgment on behalf of the plaintiff was erroneous, and the same is reversed, and the cause is remanded, with directions to the trial court to sustain defendants' demurrer.

BENNETT, TEEHEE, REID, and FOSTER, Commissioners, concur.

By the Court: It is so ordered.