### SHERRY v. STATE ex rel. BOARD of COM'RS of TULSA COUNTY.

No. 20610.     Opinion Filed Dec. 10, 1929.

Lewis W. Pratt and James Harrington, for plaintiff in error.

Hugh Webster, Asst. Co. Atty., for defendant in error.

J. S. Ross, S. J. Clay, and James H. Ross, for movant.

PER CURIAM. This is an appeal from an order of the district court of Tulsa county denying plaintiff in error's motion to vacate an order dismissing the action.

The action was begun by the board of county commissioners of Tulsa county against Wayne L. Dickey and the Maryland Casualty Company to recover the value of certain bonds alleged to have been improperly accounted for by the said Dickey as coun-

v. Hendrickson, 127 Okla. 242, 260 Pac. 476. the county attorney, in pursuance of a resolution of said board, dismissed the cause of action with prejudice. The plaintiff in error filed in said cause his motion to vacate the dismissal and reinstate the cause of action. The trial court denied this motion and denied plaintiff in error's application to intervene and prosecute the action. From this order plaintiff in error appeals. The case-made attached to the petition in error was served upon the board of county commissioners, who, by the county attorney, stipulated with the plaintiff in error as to the correctness thereof and waived notice of the time and place of settlement of the same. The case-made was not served on Wayne L. Dickey or upon the Maryland Casualty Company, nor was any notice given of the time and place of settlement of the case-made.

Wayne L. Dickey and the Maryland Casualty Company are necessary parties to this appeal, for the reason that should the order of the trial court be reversed and the cause of action be reinstated, both Dickey and the Casualty Company would, in order to protect their rights, have to defend in the action at the risk of a judgment against them, and from which they are relieved by the order of dismissal. Their rights would be affected by a reversal of the order complained of, and they are adverse parties to the plaintiff in error for the reason they are interested in upholding the order sought to be reversed.

A failure to serve case-made upon adverse parties whose rights might be injuriously affected by a modification or reversal of the order or judgment appealed from renders such case-made a nullity, and by it there is nothing brought before this court for review. Scott et al. v. Amis et al., 136 Okla. 72, 276 Pac. 215, and cases therein cited.

Wayne L. Dickey and the Maryland Casualty Company being necessary parties to this appeal, and the case-made not having been served upon them, there is nothing before this court for review, and upon their motion, the appeal is dismissed.