**SCOTT v. MORRIS, County Treas., et al.**

No. 17592. Opinion Filed Jan. 31, 1928.

(Syllabus.)

**Taxation—Limitation of Action to Recover Money Paid for Land at Tax Resale Based on Illegality of Sale.**

In an action brought under section 9739, C. O. S. 1921, as amended by chapter 30, S. L. 1925, for the recovery of the purchase money for land sold by the county treasurer at a tax resale, based on the ground of illegality of the sale, where the petition on its face shows that the action was brought more than five years from the time in which the plaintiff may have applied for a tax deed under his purchase, the same fails to state a cause of action, and is fatal on demurrer.

Commissioners' Opinion, Division No. 2.

Error from District Court, Ottawa County; J. J. Smith, Judge.

Action by W. W. Scott against E. D. Morris, County Treasurer, and the Board of County Commissioners of Ottawa County, Okla., for recovery of purchase money for land sold by the County Treasurer at a tax resale. Judgment for defendants, and plaintiff appeals. Affirmed.

A. C. Wallace and Geo. T. Webster, for plaintiff in error.

A. L. Commons and John H. Venable, for defendants in error.

TEEHEE, C. The parties appear here as they appeared in the trial court.

On January 7, 1926, plaintiff sued the county treasurer and the board of county commissioners of Ottawa county. As the basis of his suit, he alleged in substance that at a tax resale held by the county treasurer on November 24, 1919, he purchased certain land which theretofore in November, 1914, had been purchased by the county for the 1912 taxes assessed and levied thereagainst, and that for said land he paid the sum of $300; that subsequent to the sale at which plaintiff purchased said property, it developed that the county treasurer was without authority to sell said land, for that the county had purchased the same at an illegal sale, as said land was not subject to the tax levied thereagainst for which the same was purchased by the county, by virtue of said property being restricted Indian land; that, on December 23, 1925, in virtue of the right to recover the purchase money in case of an illegal sale given by chapter 30, S. L. 1925, he filed and presented his verified claim against

the county for $409.50, this being $300 principal and purchase price of said land, and interest thereon at 6 per cent. per annum from November 24, 1919, the date of purchase of said property, which claim was by the board of county commissioners disallowed; that the money thus paid by him two years after payment was, by the county treasurer, paid into the county sinking fund, and held by the county as a trust fund, to which he is entitled by reason of failure of consideration in the purchase of said property, and that he was the owner and holder of said claim. To his petition he attached the deed issued to him by the county treasurer, which was made a part thereof. Thereunder plaintiff prayed judgment against the defendants in said sum of $409.50, and reimbursement thereof out of the sinking fund of the county. To the petition defendants demurred on two grounds, namely; First, that the petition did not state facts sufficient to constitute a cause of action against the defendants; and, second, that the same on its face showed that the action was barred by the limitation fixed in the act under which the same was brought. The demurrer was by the court sustained. Plaintiff elected to stand on his petition. Judgment was rendered against plaintiff, and the cause dismissed at his costs, whereupon he brought the case to this court for review. Thus the matter presented for our consideration is to determine whether or not plaintiff, under the allegations of his petition, may maintain this action.

The parties have proceeded on the theory that if plaintiff has the right of recovery, such right exists by virtue of section 9739, C. O. S. 1921, as amended by chapter 30, S. L. 1925. This provision is as follows:

"When lands or lots which have heretofore been, or shall hereafter be sold, and tax sale certificates or tax deeds issued by the county treasurer therefor, on which land or lots no tax was due, or where said sale was, or is otherwise illegal, or a portion of such tax covered improvements which were not on the premises at the time same were assessed, the county shall save the purchaser or his assigns harmless by refunding and paying to him or them the original purchase money paid thereon, together with subsequent payments with interest from date of payment at 6 per cent. per annum. No action for such refund shall be commenced after the expiration of 5 years from the time a tax deed might have been applied for, had the sale been valid."

Assuming, but not deciding, that this

section is the controlling provision of law, the right of recovery thereunder is conditioned: First, (a) that there was no tax due on the land sold, or (b) that the sale was illegal, or (c) that such tax covered improvements not on the property at the time of assessment; and, second, that suit must be commenced within five years from the time a tax deed might have been applied for, had the sale been valid. In legal contemplation the action, in effect, is one for the recovery of illegal taxes paid by the taxpayer. In such cases it is well established that the taxpayer must meet all the requirements of the statute giving him the right of recovery. St. Louis-S. F. Ry. Co. v. Hendrickson, County Treas., 127 Okla. 242, 260 Pac. 476; Bristow Battery Co. v. Payne, 123 Okla. 137, 252 Pac. 423; Eaton, County Treasurer, v. St. Louis-S. F. Ry. Co., 122 Okla. 143, 251 Pac. 1032.

In the case at bar the sale was illegal, as the land sold to the plaintiff was restricted Indian land, and not subject to the taxes for which the county had made its purchase. The deed, made a part of the petition, showed on its face that it was issued by the county treasurer to the plaintiff on December 4, 1919. Section 9746, C. O. S. 1921, prior to amendment thereof by section 6 of ch. 158, S. L. 1923, was the then controlling provision as to the time in which a deed may be issued in tax resale cases. Thereunder, it was provided that a return of the sale must be made by the county treasurer to the county clerk within ten days after the resale, and that within ten days after such return it was the mandatory duty of the county treasurer to execute and deliver to the purchaser a deed conveying the property sold. The time, therefore, within which the plaintiff in this case may have applied for a deed under his purchase was 20 days after the date of his purchase on November 24, 1919. This period would have expired on the 14th day of December, 1919. In order to have brought himself within the limitation provision of said chapter 30, supra, it requires no argument to show that it was necessary that his suit be filed within five years from December 14, 1919, which period of time expired on December 14, 1924. Such suit, of course, could not then have been filed as the statute was not then in existence. The suit was filed as noted on January 7, 1926. In St. Louis-S. F. Ry. Co. v. Hendrickson, supra, it was said, in referring to the right of recovery of an illegal tax, that:

"Where a petition on its face shows that one of the essential requisites has not been complied with, it fails to state a cause of action, and is fatal on demurrer."

This principle is here controlling. Therefore, assuming that the provision of law relied on is here applicable, under the rule as thus laid down, we hold that, in an action brought under section 9739, C. O. S. 1921, as amended by chapter 30, S. L. 1925, for the recovery of the purchase money for land sold by the county treasurer at a tax resale, based on the ground of illegality of the sale, where the petition on its face shows that the action was brought more than five years from the time in which the plaintiff may have applied for a tax deed under his purchase, the same fails to state a cause of action, and is fatal on demurrer.

Accordingly, the judgment of the district court is affirmed.

BENNETT, HERR, HALL, and DIFFENDAFFER, Commissioners, concur.

By the Court: It is so ordered.

Note.—See 37 Cyc. p. 1530.