## LEVY BROS. v. BOARD OF COUNTY COM'RS OF ADAIR COUNTY.

No. 20770. Opinion Filed March 1, 1932.

Withdrawn, Corrected, Refiled and Rehearing Denied Sept. 13, 1932.

[redacted]

W. R. Banker and Twyford & Smith, for plaintiff in error.

W. A. Corley, Co. Atty., for defendant in error.

CULLISON, J. Plaintiff instituted suit against the defendant seeking to recover money paid the county treasurer of Adair county for the purchase of tax sale certificates.

Plaintiff pleads three causes of action in its amended petition, each cause of action being based upon a tax sale certificate issued by the county treasurer on November 16, 1917.

Under our law, section 9749, C. O. S. 1921, and as provided by said tax sale certificate, the holder of said certificate could receive a deed therefor on and after November 16, 1919.

Plaintiff's petition alleges the different grounds for relief provided for by our statute.

Defendant demurred to said petition on the grounds that said petition fails to state facts sufficient to constitute a cause of action; and, second, that said causes of action are barred by the statute of limitations. Said demurrer was sustained by the court, and plaintiff appeals from the order sustaining the demurrer.

Plaintiff contends that the trial court erred in holding that plaintiff's claims against the county were barred by the statute of limitations.

The question under consideration brings to our attention section 9739, C. O. S. 1921, as amended by chapter 30, Session Laws of 1925.

Prior to the amendment of said section, it provided that where land had been sold on which no tax was due, the county shall save the purchaser or his assigns harmless by refunding the purchase price and subsequent amounts indorsed thereon with interest at 6 per cent.

The Legislature in 1925 amended said act to read as follows:

"Section 9739. When lands or lots which have heretofore been, or shall hereafter be sold, and tax sale certificates or tax deeds issued by the county treasurer therefor, on which land or lots no tax was due, or where said sale was, or is otherwise illegal, or a portion of such tax covered improvements which were not on the premises at the time same were assessed, the county shall save the purchaser or his assigns harmless by refunding and paying to him or them the original purchase money paid thereon together with subsequent payments with interest from date of payment at six (6) per cent. per annum. No action for such refund shall be commenced after the expiration of five (5) years from the time a tax deed might have been applied for, had the sale been valid."

We observe that the amended act provides additional grounds for securing the repayment of money paid by the purchaser for tax sale certificates or tax deeds, and also said act provides a five-year statute of limitations.

We further observe that plaintiff's first and third causes of action are based on the 1925 amendment passed by the Legislature; that plaintiff's second cause of action is based on the fact that the lands were nontaxable because owned by the town of Eldorado, as provided by section 9739.

We will first consider the first and third causes of action, coming within the amendment of 1925.

Said section as amended was construed by this court in the case of Scott v. Morris, 129 Okla. 117, 263 P. 672, as follows:

"* * * Assuming, but not deciding, that this section is the controlling provision of law, the right of recovery thereunder is conditioned, first (a) that there was no tax due on the land sold, or (b) that the sale was illegal, or (c) that such tax covered improvements not on the property at the time of assessment; and, second, that suit must be commenced within five years from the time a tax deed might have been applied for had the sale been valid. In legal contemplation, the action, in effect, is one for the recovery of illegal taxes paid by the taxpayer. In such cases it is well established that the taxpayer must meet all the requirements of the statute giving him the right of recovery. St. Louis-San Francisco R. Co. v. Hendrickson, Co. Treas., 127 Okla. 242, 260 P. 476; Bristow Battery Co. v. Payne, 123 Okla. 137, 252 P. 423; Eaton, Co. Treas., v. St. Louis-San Francisco R. Co., 122 Okla. 143, 251 P. 1032.

"In the case at bar, the sale was illegal, as the land sold to plaintiff was restricted Indian land and not subject to the taxes for which the county had made its purchase. The deed, made a part of the petition, showed on its face that it was issued by the county treasurer to the plaintiff on De-

cember 4, 1919. Section 9746, C. O. S. 1921, prior to amendment thereof by section 6 of chapter 158, S. L. 1923, was the then controlling provision as to the time in which a deed may be issued in tax resale cases. Thereunder it was provided that a return of the sale must be made by the county treasurer to the county clerk within ten days after the resale, and that within ten days after such return it was the mandatory duty of the county treasurer to execute and deliver to the purchaser a deed conveying the property sold. The time, therefore, within which the plaintiff in this case may have applied for a deed under his purchase, was 20 days after the date of his purchase on November 24, 1919. This period would have expired on the 14th day of December, 1919. In order to have brought himself within the limitation provision of said chapter 30, supra, it requires no argument to show that it was necessary that his suit be filed within five years from December 14, 1919, which period of time expired December 14, 1924. Such suit, of course, could not then have been filed, as the statute was not then in existence. The suit was filed, as noted, on January 7, 1926. In St. Louis-San Francisco R. Co. v. Hendrickson, supra, it was said, in referring to the right of recovery of an illegal tax, that:

" 'Where a petition on its face shows that one of the essential requisites has not been complied with, it fails to state a cause of action, and is fatal on demurrer.'

"This principle is here controlling. Therefore, assuming that the provision of law relied on is here applicable, under the rule as thus laid down, we hold that, in an action brought under section 9739, C. O. S. 1921, as amended by chapter 30, S. L. 1925, for the recovery of the purchase money for land sold by the county treasurer at a tax resale, based on the ground of illegality of the sale, where the petition on its face shows that the action was brought more than five years from the time in which the plaintiff may have applied for a tax deed under his purchase, the same fails to state a cause of action, and is fatal on demurrer. * * *"

The decision just cited holds that where a person seeks to recover money paid the county treasurer for tax sale certificates, in legal contemplation and effect, is one for the recovery of illegal taxes paid by the taxpayer.

In such case it is well established that the taxpayer must meet all the requirements of the statute giving him the right of recovery.

The act of the Legislature under consideration provides:

"No action for such refund shall be commenced after the expiration of five years from the time a tax deed might have been applied for had the sale been valid."

The Legislature had the power to provide certain new and additional grounds for recovering money paid on tax sale certificates or tax deeds, but under the same power it could put certain restrictions or limitations upon said right. This they did by providing in said act a specific limitation upon an action to secure said refund.

Under the law plaintiff could apply for and secure tax deeds under its certificates on and after November 16, 1919, and under the provision of the statute just quoted the limitation began to run from said date and would have expired on November 16, 1924.

Plaintiff's suit was filed on December 11, 1925.

Therefore, the statute of limitation had run against the plaintiff's cause of action prior to the filing of the same in district court.

The decision just cited, supra, is also authority for the law that "where a petition on its face shows that one of the essential requisites has not been complied with, it fails to state a cause of action and is fatal on demurrer."

The trial court could determine from the petition that the statute of limitations invoked by the defendant had run, and the court in sustaining defendant's demurrer to plaintiff's first and third causes of action committed no reversible error.

Plaintiff in error, in its second cause of action, however, relies for recovery on the ground that the land sold for taxes was not subject to taxation and that, under section 9739, C. O. S. 1921, its cause of action did not accrue until the tax sale certificate was challenged as being void. We think this contention correct. In the case of Meriwether v. Board of County Commissioners, 150 Okla. 223, 1 P. (2d) 390, this court held:

"The statute of limitations did not begin to run against an action brought by the purchaser of a tax sale certificate from the county under section 9739, C. O. S. 1921, to recover taxes paid on land not subject to taxation until after the validity of the tax sale certificate is in some manner challenged as being void."

The tax sale certificate in question was issued in 1917. Plaintiff could not have applied for tax deed until 1919. The act was amended in 1925, but plaintiff's right to re-

cover arose under the terms of the statute before amendment.

Plaintiff's second cause of action is, therefore, not controlled by the amendment of 1925, but is controlled by section 9739, C. O. S. 1921, and that cause of action was, therefore, not barred.

The demurrer should have been overruled to plaintiff's second cause of action.

The judgment of the trial court is reversed and remanded, with directions for the court to overrule defendant's demurrer to plaintiff's second cause of action and grant plaintiff a new trial on said second cause of action.

The judgment of the trial court on the first and third causes of action is affirmed.

LESTER, C. J., CLARK, V. C. J., and RILEY, HEFNER, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur.