**PROTEST OF ST LOUIS-S. F. RY. CO.**

No. 23909.     Oct. 24, 1933.

E. T. Miller and Cruce & Franklin, for plaintiff in error.

R. K. Jenner and O. A. Brewer, Co. Atty., for defendant in error.

ANDREWS, J. This is an appeal by the protestant from a judgment of the Court of Tax Review denying its protest as to certain tax levies for Choctaw county and various political subdivisions thereof for the fiscal year commencing July 1, 1931.

The first contention which is made pertains to a levy which was made for the county highway fund. It appears from the record that an amount sufficient to supply the needs of the county for that purpose was received during the preceding year from sources other than ad valorem taxation, and it is contended that since such an amount lawfully could have been estimated to be received from sources other than ad valorem taxation, it was necessary that such an amount be so estimated and considered in determining the rate of levy for ad valorem taxation. The issue presented is simple: It is whether or not the statute pertaining to estimated income requires an estimate of income to be made. It does not so state, and this court cannot so hold. The making of an estimate as to income to be derived by a county from sources other than ad valorem taxation is for the board of county commissioners, and an estimate so made will not be disturbed if it is within the limitation provided by the statute. The governing body of a political subdivision is not required to estimate that any amount of income will be derived from sources other than ad valorem taxation, although it is authorized under certain limitations to do so.

The county sinking fund was protested on the ground that certain judgments that had been rendered against the county were void. For the purpose of discussion the judgments were grouped into three classes. It is conceded that the trial court had jurisdiction of the subject-matter of the actions and of the persons of the defendants. The question presented is whether or not it had jurisdiction to render the particular judgments rendered.

As to the first group of judgments, it is contended that the claims which were the basis of those judgments were for debts which were incurred after the appropriations which had been made for those purposes had been exhausted. It is admitted that that contention is correct. The judgment roll shows that fact. This court has repeatedly held that a debt contracted in excess of the amount of the appropriation which had been made for the purpose for which the debt was contracted, is void. However, the invalidity of a claim of indebtedness does not make a judgment rendered thereon invalid. A valid judgment may be rendered on an invalid claim of indebtedness. Faught v. City of Sapulpa, 145 Okla. 164, 292 P. 15; Protest of Kansas City Southern Ry. Co., 157 Okla. 246, 11 P. (2d) 500. If the court which rendered the judgment had jurisdiction of the person of the defendant, jurisdiction of the subject-matter of the action, and jurisdiction to render the particular judgment which was rendered, its judgment is valid, even though it was in error as to the law or the facts. The determining question herein is whether or not the trial court had jurisdiction to render judgments against the county on the claims which were the basis of those suits. Those claims were based on services performed by county officials pursuant to legislative authority, after the appropriations which had been made for the purposes for which the services were rendered had been exhausted. We are not considering a case wherein a claim was based on a contract. We are considering a case where a claim was based on services rendered by a public official pursuant to valid legislative authority for the rendition thereof. As stated in Protest of Kansas City Southern Ry. Co., supra, such a claim may or may not be valid, the determination of the question depending upon the facts. Where the validity of a claim against a county is dependent upon facts, a trial court which has the jurisdiction to review those facts and to determine the legal effect thereof has the jurisdiction to render a judgment thereon and such a judgment is not void, even though the trial court was mistaken as to the facts, mistaken as to the legal effect thereof, or

mistaken as to the law applicable thereto. The judgment rolls shown by the record in this case show those judgments to be valid, and there was no error on the part of the Court of Tax Review in denying the protest based on the invalidity thereof.

The second group is composed of judgments which were rendered on claims for refund of taxes.

Such a judgment is authorized by law. Sections 12642 and 12749, O. S. 1931. While section 12642, supra, authorizes a refund of taxes, that section provides that no refund shall be made in any case where the taxes have been paid for a period of more than one year prior to the claim for such refund. The statute which provides the right provides a limitation on that right. Since there is a limitation on the right, the right may not be asserted in violation of that limitation. The trial court was without jurisdiction to render the judgments under the provisions of that section.

The portion of that section providing that a refund of taxes shall be made from the sinking fund was held to be invalid in Bank of Picher v. Morris, Co. Treas., 157 Okla. 122, 11 P. (2d) 178. We do not think it necessary to restate the reasons for that decision. We are calling attention to it herein for the reason that it tends to explain the provision of section 12749, supra. Evidently the judgments complained of were rendered pursuant to the provisions of that section. That section provides for a refund of taxes to the purchaser of a tax sale certificate or his assigns, but it does not designate the fund from which such a refund is to be made. Such a refund may not be made from the sinking fund of a county.

There can be no question of the legislative authority to provide for a refund of taxes and to provide that such a refund shall be made by the county, even though there is thereby imposed upon the county a burden which is inequitable and unfair by reason of the fact that the taxes paid were apportioned to the state, county, and various political subdivisions of the county, the county receiving only a relatively small portion thereof. It appears to be needless to state that such a legislative enactment is a legislative enactment imposing a burden upon the county, and it is equally apparent that such a legislative enactment must not violate any constitutional limitation or inhibition. Since the effect of the legislative enactment is to impose a burden upon the county and thereby to cause

the county to become indebted, the validity of that indebtedness, under the provisions of section 26, art. 10, of the Constitution, must be determined by determining whether or not, at the time the county became indebted, the debt was within the income and revenue provided for the county for that fiscal year. That there can be no such refund where there has been no appropriation for refund of taxes, and where the claim for refund is filed after the appropriation for current expense purposes has been exhausted, is well settled by the decisions of this court pertaining to the incurring of indebtedness. We had such a subject under consideration in Protest of Kansas City Southern Ry. Co., supra, and we there held that a claim against the county, under the provisions of the statute, is subject to the provisions of section 26, art. 10, of the Constitution.

A county does not become indebted by reason of the rendition of a judgment pursuant to the provisions of the statute. Such a judgment merely evidences an existing indebtedness. The statute, supra, supplements other legislative enactments which authorize the sale of property for taxes and the issuance of tax sale certificates and tax deeds. Evidently it was enacted for the purpose of affording protection to purchasers at such tax sales and their assigns. When so considered, we hold that a county becomes indebted to the purchaser of a tax sale certificate or tax deed, under the provisions of the statute, at the time the payment therefore is made to the county.

A provision of section 26, art. 10, of the Constitution is that no county shall be allowed to become indebted, in any manner, or for any purpose, to an amount exceeding, in any year, the income and revenue provided for such year, without the assent of three-fifths of the voters thereof, voting at an election to be held for that purpose. That provision must be applied to the fiscal year in which the county became indebted, for if the indebtedness was valid at that time, it remained valid. Buxton & Skinner Stationery Co. v. Board of Com'rs, 53 Okla. 65, 155 P. 215; Town of Covington v. Antrim Lbr. Co., 123 Okla. 129, 252 P. 50; Protest of Texas Pipe Line Co., 143 Okla. 177, 288 P. 334; Consolidated School Dist. No. 2 v. Arlington School Supply Co., 148 Okla. 299, 298 P. 1052. If indebtedness was valid at the time it was created, it is immaterial whether or not there was an appropriation made during the fiscal year in which an action was brought to recover a judgment thereon, and it is likewise im-

material whether or not the appropriation for that year had been exhausted at the time of the filing of the suit.

We have carefully checked the judgment rolls shown by the record in this case, and we find nothing therein from which we can conclude that the indebtedness was invalid at the time it was incurred. For that reason we find no error in the judgment of the Court of Tax Review with reference thereto, and the judgment of the Court of Tax Review as to this group of judgments is affirmed.

The third group of judgments were judgments that had been purchased for the use and benefit of the sinking fund. It is contended that the county was without authority of law to make a levy for the purpose of creating a fund to be used for the payment of interest on those judgments for the reason that to do so would require the taxpayers of the county to pay interest on judgments which are owned by the county, that is, that the county would tax itself to pay itself. We decline to so hold. The statute pertaining to the levy and collection of taxes for the payment of judgments is applicable to judgments in which the sinking fund has been invested as well as to other judgments. The argument of the protestant might well be made to the Legislature. It has no application to the existing statutory provision. The judgment of the Court of Tax Review thereon is affirmed.

The levy for the sinking fund of the city of Hugo was protested. The protest is based in part on the contention just decided. The rule stated is applied thereto. In addition thereto there is a contention that the levy was for the purpose of producing a fund which would be more than one-third of the amount of the judgment. That contention is sustained by the evidence. It appears from the record that the amount of the judgment was $31,092.50. In the estimate it is shown as $34,609.45. The statute provides for an annual levy sufficient to produce a fund with which to pay one-third of the amount of the judgment. The judgment of the Court of Tax Review, to that extent, is erroneous and is reversed. Otherwise it is affirmed.

The levy for the sinking fund of the city of Boswell was protested. The protestant contends that a surplus of $1,325.82 was not considered. That contention is reasonably sustained by the evidence pointed out in the brief of the protestant. The protestee did not answer that contention. On that basis the judgment of the Court of Tax Review is reversed.

The levy for the sinking fund of school district No. 3 was protested. The protest was based on the contention that certain bonds had been issued for the purchase of trucks by a common school district when common school districts are not authorized to purchase trucks. The record does not sustain the contention. It does not disclose the purpose for which the bonds were issued. The appropriation for the sinking fund was for the purpose of paying the interest and retiring the principal of bonds which had been issued. Since we cannot say that those bonds were illegal, we cannot say that the levy made was illegal. The judgment of the Court of Tax Review thereon is affirmed.

The levy for the general fund of school district No. 7 was protested on the theory that a surplus of $1,518.06 was not considered. It appears from the record that $1,250 of that amount was in the hands of the county treasurer and that it had not been paid to the treasurer of the school district. Since it had not been paid to the treasurer of the school district, it was not a surplus balance of revenue or levy on hand, and there was no error in disregarding it. Protest of C., R. I. & P. Ry. Co., 150 Okla. 167, 1 P. (2d) 383; Protest of C., R. I. & P. Ry. Co., 151 Okla. 137, 1 P. (2d) 674. The judgment of the Court of Tax Review thereon is affirmed. The other item involved therein was an item of $268.06 which was reserved for the purpose of paying premiums on insurance policies which were due but which had not been paid. Such a reservation of funds is unauthorized. In re Bliss, 142 Okla. 1, 285 P. 73. The Court of Tax Review was in error in denying the protest as to the item reserved for insurance premiums. Its judgment thereon is reversed.

The levy for the sinking fund of school district No. 19 was protested. It is contended that there was a surplus of $71.60 which was not shown. That contention was based on a statement that current taxes in process of collection were not included. While we have heretofore held in Re Monsell, 142 Okla. 130, 285 P. 836, that current taxes in process of collection may be included as estimated income, there is no requirement that they must be so included, that provision being optional with the governing body of the political subdivision. The judgment of the Court of Tax Review thereon is affirmed.

The levy for the general fund of school district No. 21 was protested. It is contended that there was a surplus of $951.02 that was not considered. An issue of fact is presented, and from an examination of the record we are not able to say that the judgment of the Court of Tax Review thereon is against the clear weight of the evidence. It is affirmed.

The levy for the general fund of school district No. 24 was protested. That protest is based on the fact that there was a surplus of $978.88 in the sinking fund for which there was no sinking fund obligation. It is contended that that surplus in the sinking fund should have been considered in the general fund for the purpose of reducing the rate of levy of ad valorem taxation. We held in Protest of St. Louis-S. F. Ry. Co., 162 Okla. 70, 19 P. (2d) 156, that there was no requirement for the use of a surplus derived from penalties on delinquent taxes, fines, and forefeitures as a part of the general fund. While that decision did not relate to a sinking fund derived from ad valorem taxation, it is applicable thereto. If the contention of the protestee is correct, the sinking fund must be retained in its entirety, although it is far in excess of the total amount of needs therefor, until the maturity of the indebtedness. Such a contention is in violation of the rule stated In Re Tax Levies of City of Woodward, 143 Okla. 204, 288 P. 458, as follows:

"Where the amount of the balance on hand in the general fund and the estimated receipts from other sources is in excess of the needs of the municipality for that fund, the excise board, in determining the amount to be raised by ad valorem taxation for the sinking fund, may consider the excess in the balance on hand in the general fund as a part of the sinking fund."

See, also, In re Bliss, supra. The surplus in the sinking fund is not required to be kept there when there is no necessity for the retention thereof, but, on the other hand, it is not required to be transferred to the general fund. Whether or not it should be transferred to the general fund is a question for determination by the governing body of the political subdivision. It is not shown by the record in this case that there was any transfer of the surplus from the sinking fund to the general fund, and since there was no transfer thereof by the school district board, the excise board was without authority of law to consider it as a part of the general fund. There was no error in the judgment of the Court of Tax Review. It is affirmed.

The cause is remanded to the Court of Tax Review, with directions to enter judgment in conformity herewith.

RILEY, C. J., CULLISON, V. C. J., and OSBORN and BAYLESS, JJ., concur. SWINDALL, McNEILL, and BUSBY, JJ., absent. WELCH, J., disqualified.