## BOARD OF COUNTY COM'RS OF BLAINE COUNTY v. FOSTER.

No. 25909.    Sept. 25, 1935.

584

. Ted R. Fisher, County Atty., for plaintiff in error.

William J. Crowe and Twyford & Smith, for defendant in error.

RILEY, J. This is an appeal from an order of the district court of Blaine county denying a motion of the board of county commissioners of said county to vacate and set aside a judgment theretofore rendered in favor of defendant in error herein, and overruling its demurrer to a supplemental petition filed in said action by defendant in error.

In July, 1926, W. C. Foster filed his petition for a judgment against Blaine county for the recovery of the sum of $1,422.45, in refund of some 20 alleged invalid tax sale certificates issued by the county treasurer to plaintiff or to others and assigned to plaintiff. Answer was filed consisting of a general denial. On January 5, 1928, judgment was rendered in favor of the plaintiff in the sum of $1,401.64, with interest accrued on that date in the sum of $460.77. This judgment was subsequently assigned to I. B. Levy.

· On April 6, 1933, the board of county commissioners, by the county attorney, filed a motion to set aside and vacate said judgment.

In the meantime a levy of taxes sufficient to pay one-third of said judgment had been made, collected, and paid to the judgment creditor and a second levy sufficient to pay another one-third had been made.

The only grounds set out in this motion to vacate are:

"First: That said judgment was rendered on claims against Blaine county, which said claims were illegal because of no fund or appropriation for such purposes, as shown on the face of plaintiff's petition.

"Second: That said purported judgment is void, in that it was rendered in violation of section 26, art. 10, of the Constitution of the state of Oklahoma, and that the said petition in its several causes of action does not contain an allegation that the indebtedness incurred was not in excess of the income and revenue provided for that purpose, or that it was authorized by a vote of the people, nor was there any proof offered to sustain such an allegation."

Leave to respond was granted to I. B.

Levy and response was filed by him. Hearing was had, resulting in an order vacating the judgment.

Motion for new trial was then filed by the judgment creditor.

In the meantime Foster, on behalf of his assignee, and · Levy in his own behalf filed what is termed a "supplemental petition", which, after reciting certain proceedings in the case, alleged the levy, collection, and payment of one-third of said judgment in the year 1932; that a levy had also been made and collected during the year 1933 sufficient to pay another one-third of the judgment, which money was then in the hands of the county treasurer, who refused to pay it over to the judgment creditor, and that notwithstanding the validity of said judgment the board of county commissioners had refused and would refuse to make an estimate and levy a tax sufficient to pay the third installment of said judgment. An order was prayed for directing the county treasurer to pay over to I. B. Levy the money collected and held by him as to the second installment of said judgment.

The board demurred to this supplemental petition. The demurrer was overruled and the county attorney in open court announced his intention to stand on the demurrer and refused to plead further.

Thereupon the court set aside its order vacating the judgment and entered a final order denying the motion of the county to vacate the judgment and entered an order requiring the county treasurer to pay over to Foster's assignee the sum of money representing one-third of the judgment, and ordered the defendant board to take the necessary steps for an estimate and levy to pay another one-third.

From these orders the board of county commissioners appeal.

If the judgment obtained by Foster is void upon its face, the court erred in refusing to set it aside. But if said judgment be not void upon its face, there was no error, since the judgment became final when not appealed from.

It is first contended that the judgment was and is void because it was rendered on claims which were illegal because there was no appropriation for such purposes as shown upon the face of plaintiff's petition.

The allegation referred to as showing that there was no appropriation is:

"Plaintiff further states that at no time

had the county established and maintained a fund out of which said certificates might be paid and refund made to him."

The contention cannot be sustained.

In Board of Com'rs of Creek Co. v. St. L.-S. F. Ry. Co., 170 Okla. 485, 40 P. (2d) 1112, it is held:

"Holder of tax sale certificates covering nontaxable land may institute civil action to recover money paid for certificates when county fails to make appropriation to provide for refund, provided judgment would not exceed constitutional limitation on county's indebtedness."

Plaintiff in error cites and quotes at length from Protest of St. Louis-S. F. Ry. Co., 166 Okla. 50, 26 P. (2d) 212. It was therein said:

"That there can be no such refund where there has been no appropriation for refund of taxes, and where the claim for refund is filed after the appropriation for current expense purposes has been exhausted, is well settled by the decisions of this court pertaining to the incurring of indebtedness."

But in the later case cited above (170 Okla. 485, 40 P. (2d) 1112) it is said:

"There is certain language in our opinion in Re Protest of St. Louis-San Francisco Co., 166 Okla. 50, 26 P. (2d) 212, upon which protestant relies, seemingly indicating that no cause of action existed in favor of the holder of such certificates, but that such holder must rely upon the county making appropriation and the filing of a claim and the consequent course of procedure relating thereto. In view of this language and the apparent confusion which it leads to, it is necessary for us to determine the question in this opinion for the guidance of the Court of Tax Review and the lower courts.

"There is no question but that an obligation exists to refund taxes sold, where no taxes were due as in this case, and that this duty rests upon the county selling the tax and issuing the certificate. In our opinion, in view of the fact that the statute of 1921, supra, does not attempt to specify the method in which this refund may be applied for and secured, it is immaterial which method is followed. A county may anticipate that certain tax sale certificates issued by it may be held to be illegal and that claims for refund of the money paid therefor will be filed, and, in anticipation of this, may appropriate, within constitutional limits, to take over any such claims filed. However, if the proper officials of the county did not so choose to handle the matter of refund, the holder of these certificates would be remediless unless he could by an action, or a series of actions, in mandamus, force the proper county officials to appropriate therefor."

And:

"By this we mean to say that the county may appropriate to care for these refunds, or it may elect not to do so and to permit the holders thereof to bring their actions to establish their right to the refund whereupon the county may pay said judgments as provided by law."

There it was contended that, inasmuch as the petition failed to allege that an appropriation had been made, the judgment was void upon its face. Here the contention is that because the petition alleged that no appropriation had been made the judgment was void upon its face. By the decision of the Creek County Case, supra, it is pointed out that either method may be pursued. So the judgment in this case is not void upon its face. There is nothing in the judgment roll showing the judgment to be void upon its face.

There was no error in denying the motion to vacate the judgment.

We are inclined to think that the court went beyond its power in entering an order against the county treasurer. He had never been made a party. No process or other notice appears to have been served upon him. It may or may not be true that he has collected and holds in his hands sufficient money collected from a levy of taxes made for that purpose to pay one-third of the judgment. If he has, he will doubtless pay the money over when the question of the validity of the judgment is settled. If he refuses, then a proper order might properly issue in a proper proceeding.

The board of county commissioners should proceed as soon as practicable after mandate in this case is sent down to take such steps as are required of them to make the levy for the third installment.

In Board of County Com'rs v. Foster, 169 Okla. 384, 37 P. (2d) 306, in a proceeding growing out of an application by the county attorney, acting for the board of county commissioners, for a supersedeas bond in this case, it was held that the appeal of the county, regularly taken from the judgment of the district court, stayed the proceedings to collect the judgment by a levy of taxes for that purpose until the appeal has finally been determined in this court.

The order of the district court denying the motion to vacate the judgment is affirmed. The order directing proper steps to

be taken by the board of county commissioners for a tax levy sufficient to pay the remaining one-third of the judgment is affirmed, effective when this decision becomes final. The order against the county treasurer is reversed upon the sole ground that he was not a party to the proceedings.

McNEILL, C. J., and BUSBY, PHELPS, and GIBSON, JJ., concur.