## SAVERY v. BOARD OF COUNTY COM'RS OF McCURTAIN COUNTY.

No. 26603.   June 9, 1936.

Leo G. Mann and C. J. Brown, for plaintiff in error.

C. D. Wilkinson, County Atty., and Bascom Coker, Asst. Co. Atty., for defendant in error.

PER CURIAM. On the 17th day of April, 1935, the trial court entered its order sustaining a demurrer to the petition of the plaintiff and dismissing the action, from which this appeal is taken. A brief has been filed under date of October 15, 1935, by plaintiff which calls attention to the error of the court in sustaining the demurrer to the petition, and plaintiff alleges that Savery v. Board of Com'rs of Beaver County, 173 Okla. 284, 48 P. (2d.) 275, disposes of the issues of law involved in his favor. In that case we held:

"Three weeks' publication, as provided in section 12741, O. S. 1931, means 21 days, and notice of tax sale given for less than 21 days is void.

"The holder of a tax sale certificate issued in pursuance of a tax sale made without giving the 21 days' notice as required by section 12741, O. S. 1931, may proceed under section 12749, O. S. 1931, to obtain a refund thereon."

The facts are almost identical with those involved in Savery v. Board of County Com'rs, supra. The trial court in the case at bar held that there was a misjoinder of causes of action on separate certificates. No authorities are furnished  to  support this theory, and we see no reason why an allegation that plaintiff is the holder of the particular certificate is not fully  within  the terms of the opinion, and the fact that it is brought in the same cause on different certificates would not be a misjoinder.  See Levy Bros. v. Board of Com'rs, 159 Okla. 98, 14 P. (2d) 360.

The plaintiff in his petition alleged that he was the owner and holder of the certificates upon which suit is brought.  No brief has been filed on behalf of the state and no authorities cited why the above case does not fully dispose of the principle of law involved, and we therefore hold that the court erred in sustaining a demurrer to the petition of the plaintiff.

The cause is therefore reversed and remanded, with directions to vacate the order sustaining the demurrer to the petition and dismissing the action and to reinstate the cause for further proceedings not inconsistent with this opinion.

OSBORN, V. C. J., and RILEY, BUSBY, WELCH, CORN, and GIBSON, JJ., concur.