## BREEDING et al. v. EXCISE BOARD OF OKLAHOMA COUNTY.

No. 27757.     June 22, 1937.

Rehearing Denied June 29, 1937.

Thos. G. Andrews and Clyde L. Andrews, for plaintiffs in error.

Lewis R. Morris, Co. Atty. of Oklahoma County, B. C. Logsdon, Asst. Co. Atty., Harlan Deupree, Municipal Counselor of Oklahoma City, and A. P. Van Meter, Asst. Municipal Counselor, for defendant in error.

GIBSON, J. Plaintiffs in error, protestants below, filed in the Court of Tax Review their protest against the ad valorem tax levied for the general fund of Oklahoma City for the fiscal year beginning July 1, 1936. The ground of protest was that no tax levy was needed for the reason that the funds in hand at the beginning of the fiscal year and the amount of probable income from sources other than ad valorem taxation were sufficient for the needs of the general fund of the city for the fiscal year in question. From the judgment denying the protest the protestants have appealed.

The city council of Oklahoma City, pursuant to the provisions of section 12674, O. S. 1931, as amended by chapter 115, S. L. 1933, prepared its financial statement as of June 30, 1936, and its estimate of needs for the fiscal year 1936-1937. The financial statement and estimate were duly advertised and were then filed with the excise board of Oklahoma county. The excise board then met to examine the financial statement and estimate and to perform the other duties imposed upon it by section 12677, O. S. 1931, as amended by article 13, ch. 66, S. L. 1935.

It appears that upon consideration of the financial statement and estimate the excise board was of the opinion that the city council had understated the amount of miscellaneous income from sources other than ad valorem taxes, and that a true statement of the miscellaneous income that might be reasonably anticipated and promptly collected would render an ad valorem levy for the city's general fund for the current fiscal year unnecessary. The excise board sought to increase the item of miscellaneous income from $1,915,550, the sum fixed by the city council, to $2,205,669, but the city sought and obtained a writ of mandamus in cause No. 91202 in the district court of Oklahoma county compelling the excise board to approve the item of miscellaneous income as fixed by the city council. The excise board complied with the order of the district court, and approved the city's budget and fixed an ad valorem levy for the general funds of the city.

The city contends that the real question here is not whether the estimate was right or wrong, but who has the power to make it—the city council or the excise board. Our decisions are not in accord on that question. In Grubb v. Smiley, 142 Okla. 19, 285 P. 38, when discussing the correctness of the estimate of probable income from sources other than ad valorem taxation, we said:

"It is clear, under the rule announced in the cases hereinbefore cited, that, if the separate school fund had an income from other sources sufficient to meet its estimated needs, then the levy was void. * * *

"It was the duty of the excise board to deduct the income from other sources in order to determine the amount necessary to be raised by ad valorem taxation, and it was the duty of the excise board to include in this deduction all of the funds due the separate schools from school aid. * * * It was the duty of the excise board to procure such official records as were necessary to ascertain the facts necessary to a proper computation of the tax levy needed.

"The deduction from the appropriation of the proper amount of income from other sources would have reduced the tax levy made to the amount of .12 mill. The trial court so found, and ordered a reduction in that amount. The judgment of the trial court in ordering that reduction is affirmed."

But in Protest of St. Louis-San Francisco Ry Co., 166 Okla. 50, 26 P. (2d) 212, we said, in the first two paragraphs of the syllabus:

"The making of an estimate as to income to be derived by a county from sources other than ad valorem taxation is for the board of county commissioners, and an estimate so made will not be disturbed if it is within the limitations provided by the statute.

"The governing body of a political subdivision of the state is not required to estimate that any amount of income will be derived from sources other than ad valorem taxation, although it is authorized under certain limitations to do so."

And in the opinion we said:

"The issue presented is simple: It is whether or not the statute pertaining to estimated income requires an estimate of income to be made. It does not so state, and this court cannot so hold. The making of an estimate as to income to be derived by a county from sources other than ad valorem taxation is for the board of county commissioners, and an estimate so made will not be disturbed if it is within the limitation provided by the statute. The governing body of a political subdivision is not required to estimate that any amount of income will be derived from sources other than ad valorem taxation, although it is authorized under certain limitations to do so."

And in City of Ardmore v. Excise Board of Carter Co., 155 Okla. 126, 8 P. (2d) 2, involving the construction of sections 12674 and 12676, O. S. 1931, it was said:

"They carry with them no authority to substitute the judgment of the excise board for the discretion of the local governing authority."

See, also, Bartlesville Water Co. v. Brann, 166 Okla. 251, 27 P. (2d) 345.

It will be observed that by our recent decisions this court is committed to the rule that the governing body of a political subdivision may exercise its judgment in estimating its probable income from sources other than ad valorem taxation, restricted only by the limitation that such estimate shall not exceed the income from the same sources for the preceding year, and that the excise board may not change such estimate so long as it does not exceed the limitation.

The plaintiffs in error say that the real question involved is whether or not the ad valorem tax for the fiscal year in question is valid; that is to say, whether or not the Court of Tax Review can review the city's estimate of its probable income and substitute its judgment "for the discretion of the local governing authority." The evidence before the Court of Tax Review showed that the city's budget for the fiscal year 1936-1937 was planned to assure a surplus at the end of the year in excess of $500,000, and if the ad valorem levy were eliminated, the assured surplus would be approximately $300,000 if the city should collect miscellaneous income in amounts the city council hoped for but had not estimated.

It further appears that the average surplus at the end of each fiscal year for the past six years has exceeded the sum of $550,000. Also that the budgets were planned to produce a surplus at the end of each fiscal year so that there might be funds on hand at the beginning of the next fiscal year with which to pay current warrants and to discount current bills. To levy a tax in order to produce a revenue with which to pay obligations of a year other than those of the year in which the tax is levied violates the Constitution (sec. 26, art. 10), and it matters not whether the obligations be those of a preceding or a succeeding year.

Our Constitution and laws contemplate that the needs of a fiscal year will be financed by the income and revenue provided for that year, and do not contemplate a "planned" surplus for the needs of the succeeding year. However, the tax levy here involved must be held valid. The city council has so exercised its discretion in fixing the amount of probable income from sources other than ad valorem taxes that the estimate filed by it with the excise board and the budget as approved show the levy to be necessary.

The Court of Tax Review has no greater power to change the estimate of probable

income than did the excise board, and neither the excise board nor the Court of Tax Review can substitute its judgment for the estimate of probable income which the city in its discretion has seen fit to make.

The judgment is affirmed.

OSBORN, C. J., BAYLESS, V. C. J., and RILEY, WELCH, CORN, and HURST, JJ., concur. BUSBY and PHELPS, JJ., absent.