## VON SCHRADER v. BOARD OF COM'RS OF ROGER MILLS COUNTY.

No. 29402.  June 25, 1940.

*103 P. 2d 930.*

R. Place Montgomery, of Hobart, for plaintiff in error.

Carl A. Beavin, County Atty., of Roger Mills County, of Cheyenne, for defendant in error.

HURST, J.  The sole question involved in this case is whether an action commenced in 1938 to recover from the county money paid for tax sale certificates issued in 1916, 1917, and 1918, on nontaxable land, is barred by the statute of limitations. This question was presented by the defendant's demurrer to plaintiff's amended petition. The trial court sustained the demurrer, and plaintiff stood on his petition, and appeals from the judgment dismissing the action.

Plaintiff contends that the governing statute is section 9739, C.O.S. 1921. He argues that this statute contained no provision limiting the time within which actions for refunds might be brought, and that the 1925 amendment of that section did not bar the assertion of his claim for the reason that the relief sought was not within the new grounds contained in the amendment. He relies upon Meriwether v. Board of Commissioners of Comanche County, 150 Okla. 223, 1 P. 2d 390; Levy Bros. v. Board of County Commissioners of Adair County, 159 Okla. 98, 14 P. 2d 360; Board of County Commissioners of Creek County v. St. Louis-S. F. Ry. Co., 170 Okla. 485, 40 P. 2d 1112, and Board of County Commissioners of Blaine County v. Foster, 173 Okla. 583, 49 P. 2d 692.

On the other hand, the defendant argues that this action is governed by section 12749, O. S. 1931, 68 O.S.A. § 39, and that the cause of action accrued on the effective date of that law, April 8, 1925, and was barred by the special statute of limitations of five years contained in said section. He relies on Levy Bros. v. Board of County Commissioners of Adair County, supra, and Scott v. Morris, 129 Okla. 117, 263 P. 672.

Section 7405, R. L. 1910, was the only statute authorizing refunds in such cases at the time plaintiff's certificates were issued. But as that statute provided for refunds only when land on which no tax was due had been sold by "mistake or a wrongful act of the treasurer," it is doubtful if it applied to cases where nontaxable land was, as here, placed on the tax rolls by the assessor. This class of certificates was, however, specifically provided for in the 1919 amendment, ch. 205, S. L. 1919, sec. 9739, C.O.S. 1921. The 1925 amendment, ch. 30, S. L. 1925, sec. 12749, O. S. 1931, 68 O.S.A. 390, in addition to giving the same rights as those given by the 1919 law, made provision for refunds in other cases, and for the first time specifically limited the time for bringing actions thereon. The limitation provision reads as follows:

"No action for such refund shall be commenced after the expiration of five (5) years from the time a tax deed might have been applied for, had the sale been valid."

We have carefully examined the cases relied on by the parties, and are of the opinion that there is a conflict between them which must be cleared up.

Board of County Commissioners of Creek County v. St. Louis-San Francisco Ry. Co., supra, and Board of County Commissioners of Blaine County v. Foster, supra, are not in point on the question of the statute of limitations. They hold that where the county makes no appropriation to pay the owners of void tax sale certificates, an action may be brought to recover thereon, and a judgment recovered therein is not subject to collateral attack regardless of whether the petition does or does not allege the failure to make such an appropriation.

Scott v. Morris, supra, applied the five-year statute of limitations (sec. 12749, O. S. 1931) to an action filed January 7, 1926, to recover the purchase price of nontaxable land sold at resale November 24, 1919, on which a deed was issued December 4, 1919. It held that the statute of limitations contained in the 1925 amendment began to run when the purchaser could demand a deed and applied the statute retroactively. We are not here concerned with the correctness of the decision in applying the statute retroactively. This case was followed as to two causes of action in Levy Bros. v. Board of County Commissioners of Adair County, supra.

Meriwether v. Board of County Commissioners of Comanche County, supra, holds that the statute of limitations on a void tax sale certificate issued in 1920, and assigned to plaintiff in 1922, did not begin to run until the validity of the certificate was challenged. The Scott Case and the Young Case, infra, are not mentioned. The opinion follows United States v. Southern Surety Co., 9 F. 2d 664. This case was followed as to one cause of action in Levy Bros. v. Board of County Commissioners of Adair County, supra.

In addition to the cited cases, we have considered the case of Young v. Board of County Commissioners, 108 Okla. 27, 233 P. 428. The certificates there covered nontaxable land and were issued in 1911 and assigned to plaintiff in 1912. The action was filed in August, 1920. It was held that the right of action was given by the 1919 amendment, that the statute of limitations began to run on the effective date of the 1919 amendment, and the action was not barred. We think the decision correct in all three particulars. The opinion does not show which statute of limitations it was contended applied. It is clear that on the question of when the statute of limitations begins to run the

reasoning is contrary to the Meriwether Case.

The decision in United States v. Southern Surety Co., supra, on which the Meriwether decision is based, disregarded the plain language of the limitation provision of section 12749. In it, judgment was rendered against the city of Muskogee on sewer assessments under section 12749, which, as it gave a right of action against the county only, was not the applicable statute. It held that in a case involving a refund on a tax certificate covering nontaxable land, the statute of limitations did not begin to run until after a specific adjudication that the tax sale certificate was void, citing as authority for this statement cases from Arkansas, Michigan, California, and Mississippi. Examination of those cases (they are cited in the Meriwether Case) discloses that they were based on statutes which do not even remotely resemble the provision of our statute. The statute considered in the Arkansas cases gave the certificate holder a lien upon the land covered by the certificate until the sale was declared invalid, at which time it was held that his cause of action for refund arose, and the statute then began to run. The statute considered in the Michigan cases provided that if a conveyance made by the auditor general pursuant to a sale of land for nonpayment of taxes was declared invalid, the holder thereof might foreclose the lien of the taxes upon the land covered thereby, and it was held that the statute of limitations did not begin to run against the lien before the tax title was declared invalid. The statute involved in the Mississippi cases provided that if the title of a tax sale purchaser was declared invalid, he could file a claim for refund with the auditor, and until this was done and the claim rejected he could not bring an action thereon, and the statute of limitations, therefore, would begin to run when the claim was rejected. The statute referred to in the California case gave the holder of the tax title no right to a refund by the county until his title was adjudged invalid, and the statute of limitations was not involved or discussed in the case.

While we think it is not of controlling importance whether this action was prosecuted under the 1919 law, as plaintiff contends, or under the 1925 amendment, as the county contends, we think the position of the county is correct. The 1919 act having been superseded by the 1925 amendment, it was only under the latter that this action could be instituted in 1938. Plaintiff had no vested right under any prior statute of limitations. Case v. Pinnick, 186 Okla. 217, 97 P. 2d 58.

Assuming, without deciding, that this action was not barred by the statute of limitations prior to the enactment of the 1925 amendment (see, however, Young v. Board of County Commissioners, supra; subdivision 2 of sec. 185, C.O.S. 1921, sec. 101, O. S. 1931, 12 O.S.A. § 95; sec. 52, art. 5, Oklahoma Constitution), we are of the opinion that the special five-year statute of limitations commenced to run on the effective date of the 1925 amendment. That act gives a right of action, as does the 1919 act, on a void tax sale certificate theretofore sold by the county. Under it an action could have been commenced by the plaintiff as soon as the act became effective, and it was then that the statute of limitations began to run. Broadwell v. Board of County Commissioners, 88 Okla. 147, 211 P. 1040; Magnolia Petroleum Co. v. Watkins, 177 Okla. 30, 57 P. 2d 622; In re Mosher, 24 Okla. 61, 102 P. 705; Young v. Board of County Commissioners, supra; 37 C. J. 695; 17 R.C.L. 749. The 1925 amendment plainly provides that such an action shall not be commenced after five years "from the time a tax deed might have been applied for, had the sale been valid." Clearly a deed could have been demanded as soon as the act became effective as well as prior thereto. The act is not susceptible of the construction contended for by the plaintiff, and placed on it by the Meriwether Case, that the statute does not begin to

530

run until the validity of the certificate is assailed. No language in the act is pointed to as justifying such a rule. The federal case, on which the Meriwether Case is based, does not point out the basis for so holding. Such a holding not only does violence to the plain language of the statute, but it is detrimental to the interests of the county in permitting the owner of the void certificate to keep the certificate indefinitely and require the county to pay interest at 6 per cent. per annum, a result not intended by the Legislature.

It follows that the judgment of the trial court was correct. Meriwether v. Board of Commissioners of Comanche County and Levy Bros. v. Board of County Commissioners of Adair County, insofar as they are in conflict with the views herein expressed, are hereby over-ruled.

Affirmed.

BAYLESS, C. J., WELCH, V. C. J., and RILEY, OSBORN, DAVISON, and DANNER, JJ., concur. CORN and GIB-SON, JJ., absent.