ST. LOUIS-SAN FRANCISCO RY. CO.
v. OTTAWA COUNTY
EXCISE BOARD.

No. 33979.   June 14, 1949.

*207 P. 2d 275.*

Satterfield & Franklin, of Oklahoma City, and M. G. Roberts, of St. Louis, Mo., for plaintiff in error.

Charles F. Burns, Co. Atty., and Charles C. Chestnut, Asst. Co. Atty., both of Miami, for defendant in error.

GIBSON, J.   This is an appeal by St. Louis-San Francisco Railway Company from the Court of Tax Review denying its protest against alleged ex-cessive and unlawful tax levies made by the excise board of Ottawa county for the benefit of the general fund of the city of Picher for the fiscal year beginning July 1, 1948.

The county excise board allocated the 15 mills that may be levied by section 9 of art. 10 of the State Constitution as follows: to the county, 7 mills; the cities and town, 3 mills; and school districts, 5 mills.

The city of Picher in due time filed with the excise board of Ottawa county its statement showing its financial condition and statement of estimated needs for the fiscal year beginning July 1, 1948. The statement showed the total assessed value of the city of Picher to be $712,195 and its total estimated needs for its general fund for the fiscal year 1948 to be $15,702.35. The statement showed resources on hand at the end of the fiscal year June 30, 1947, to be surplus on hand, $157.01, net estimated miscellaneous revenue $11,133.07, unused and unearned portion of the sinking fund transferred to the general fund, $2,469.92.

The surplus in the sinking fund transferred to the general fund arose in the following manner: The county of Ottawa recovered several judgments against the city of Picher on warrants held by it as an investment in its sinking fund. An annual tax levy was made covering a period of 5 years for the purpose of raising the fund with which to retire these judgments. The judgments have now been paid and there was raised by these tax levies an amount in excess of the amount necessary to retire these judgments in the sum of $2,469.92, which is the amount of surplus and excess which has been transferred to the general fund. This fund was so transferred with the approval of the excise board of Ottawa county. The transfer was made under authority of 62 O. S. 1943 Supp. §445, which Act, in substance, among other things, provides that where a city has accumulated a surplus in the sinking fund

thereof represented by actual cash on hand in excess of the needs of such fund, such surplus or excess may, upon the authority and approval of the excise board of the county, be transferred from the sinking fund to the general fund to be used for general purposes of the city.

The excise board authorized an appropriation for general fund purposes of the city in the sum of $15,702.35 as stated in the estimate of needs, and levied a tax of 3 mills on the assessed value of the city in order to raise a portion of the revenue necessary to finance such appropriation.

It will thus be seen that the approved appropriation is to be financed by the proceeds of the 3-mill levy made by the excise board (less 10 per cent allowance for delinquent taxes or $1,942.35) plus $157.01 surplus cash on hand, and $11,133.07, estimated revenue from miscellaneous sources, and $2,469.92 transferred from the sinking fund, a total of $15,702.35.

It is contended by appellant that the city was without authority to use the sum of $2,469.92, transferred from the sinking fund to finance its allowed appropriation. It is conceded that the 1943 Act, supra, authorizes such transfer and use. It is, however, contended that such Act is unconstitutional and in violation of section 19, art. 10, of the Constitution of the State, which provides:

"Every act enacted by the Legislature, and every ordinance and resolution passed by any county, city, town, or municipal board or local legislative body, levying a tax shall specify distinctly the purpose for which said tax is levied, and no tax levied and collected for one purpose shall ever be devoted to another purpose."

It is asserted that the surplus fund under consideration was raised for the purpose of liquidating judgments against the city and that a portion of such fund is now being devoted to an entirely different purpose, that of paying the current expenses of the city, and is therefore an illegal diversion of the fund. It is urged that since the fund is not now needed for the purpose for which it was raised it belongs to the taxpayers and should be refunded to them, and that the only practical way in which such refund can be made is to use the same in such manner as to actually reduce the 3-mill tax levy; that this has not been done; that the excise board has authorized an excessive appropriation; that it should have only allowed an appropriation for the general revenue fund of the city in the sum of $13,232.43 or $2,469.92 (the amount of the surplus fund transfer) less than the amount allowed. In other words, it is contended that the excise board was without authority to allow an appropriation in excess of that which could have been produced or financed from the 3-mill levy and other resources herein mentioned exclusive of the surplus fund in the sum of $2,469.92, and that this fund should have been used in the actual reduction of the 3-mill levy made for general fund purposes, and that had it been so used no levy whatever would have been necessary for such fund, and that the entire 3-mill levy is therefore illegal and void. The contention is that since the 1943 statute, supra, authorizes the transfer and use of this fund in addition to the 3-mill levy to finance the appropriation allowed, it is unconstitutional.

We do not agree. In the case of Black v. Oklahoma Funding Bond Commission, 193 Okla 1, 140 P. 2d 740, we said:

"A surplus cash fund arising incidentally from receipts in excess of appropriations and expenditures for current state expense may be devoted by the Legislature toward retiring state indebtedness previously accrued without conflict with section 19, art. 10 of the Oklahoma Constitution."

In that case we further said:

"It is contended that these funds were collected from taxes levied for general fund purposes and for the purpose of paying current operating expenses and that the use of same for the payment

of prior existing indebtedness would be a devotion of the fund for purposes other than that for which same was levied, contrary to such provision of the Constitution. We find no decision of this court in point.

"We think such constitutional provision was designed to prevent the concealment of the purpose of a tax levy and to prohibit the improper use of a fund after it has already been pledged for the payment of a certain obligation. Such surplus of revenue from tax levies is not the result of deliberation. It has accrued only incidentally. The actual purposes and obligations for which the taxes were levied—1942-43 current expenses—have already been met, fully paid, and therefore no longer exist. The purpose of the constitutional provision now considered has been fully served.

"Thus we find the state possessed incidentally of a fund which has not been previously pledged for any purpose. Such funds are subject to the disposal of the Legislature for any lawful state purpose in accordance with the legislative will."

In the case of Protest of St. Louis-S. F. Ry. Co., 166 Okla. 50, 26 P. 2d 212, we said:

"The balance of a sinking fund over and above all of the possible needs of that fund may be transferred, by resolution of the school board, to the general fund of the school district and used for current expenses, but there is no requirement of law for such a transfer, and where the school board has not made such a transfer, an excise board is without authority of law to consider the surplus as having been transferred."

Cases from other states referred to in the Oklahoma Funding Bond case above reached the same conclusion.

The transfer and use of the surplus fund in question was made as provided by the 1943 Act, supra.

We conclude that this Act is not unconstitutional and that the challenged levy is in all respects legal and valid.

Judgment affirmed.

DAVISON, C.J., ARNOLD, V.C.J., and WELCH, CORN, LUTTRELL, HALLEY, and JOHNSON, JJ., concur.