Dear Representative Glenn
¶ 0 This office has received your request for an official Attorney General Opinion, in which you ask the following question:
 If county voters pass a sales tax that is dedicated to the maintenance and operation of a sheriff's office and jail does any excess revenue from said tax have to be returned to the general fund of the county?
 Background
¶ 1 Voters in a county within your district approved a county sales tax for operation and maintenance of the sheriff's office and jail.[1] In some years, not all proceeds of the sales tax were needed for the jail and operation of the sheriff's office, resulting in a surplus. You ask, in essence, whether such excess revenue must be returned to the general fund of the county. To answer your question, we must examine the Oklahoma Constitution, county sales tax statute, and county budget laws.
 The County Sales Tax Statute
¶ 2 Section 1370 of Title 68 generally authorizes any county of the State to levy a sales tax upon voter approval. The sales tax so levied must be designated for a particular purpose. Id. § 1370(E). The life of the tax must be specified in the proposition but may be limited or unlimited in duration. Id. § 1370(H). As to proceeds of the tax subsection (E), in pertinent part, states: "Except as otherwise provided in this section, the proceeds of any sales tax levied by a county shall be deposited in the general revenue or sales tax revolving fund of the county and shall be used only for the purpose for which such sales tax was designated." Id. (emphasis added). Further, any sales tax levy"or any change in the rate" of such tax becomes effective on the first day of the calendar quarter following the election.Id. § 1370(A) (emphasis added). From this language, we conclude that the rate of a county sales tax may neither be increased nor decreased without voter approval.
¶ 3 Subsection (I) of Section 1370 provides:
 There are hereby created one or more county sales tax revolving funds in each county which levies a sales tax under this section if any or all of the proceeds of such tax are not to be deposited in the general revenue fund of the county or comply with the provisions of subsection G of this section. Each such revolving fund shall be designated for a particular purpose and shall consist of all monies generated by such sales tax which are designated for such purpose. Monies in such funds shall only be expended for the purposes specifically designated as required by this section. A county sales tax revolving fund shall be [n. 1 So in enrolled bill;" a continuing fund, not subject to fiscal year limitations." should probably be added.]
Id. (emphasis added)
¶ 4 In the present instance, the election proceedings called for the sales tax proceeds to be deposited in the county's general revenue fund and used both for operation of the sheriff's department and construction, maintenance and operation of the county jail. See County Ballot. Thus, no special revenue account or revolving fund was created.[2] What use may be made of money in the general fund held for such purposes, when a surplus exists over and above the amount needed for the jail and sheriff's operations?
 Use of Sales Tax Proceeds
¶ 5 The primary guidance on use of tax proceeds is found in Article X, Section 19 of the Oklahoma Constitution, which provides:
 Every act enacted by the Legislature, and every ordinance and resolution passed by any county, city, town, or municipal board or local legislative body, levying a tax shall specify distinctly the purpose for which said tax is levied, and no tax levied and collected for one purpose shall ever be devoted to another purpose.
Id. This provision applies to excise taxes as well as ad valorem taxes, State ex rel. Bd. of County Comm'rs v. Okla. TaxComm'n, 127 P.2d 1052, 1054 (Okla. 1942), and applies to county sales taxes. See A.G. Opins. 84-183, at 329-30; 83-217, at 399-40.
¶ 6 Title 19 O.S. 2001, § 381[19-381] generally authorizes county commissioners to submit to county voters any extraordinary outlay of money, provided the question is allowed by statute. A.G. Opin. 85-54, at 108-09. "Money raised by the county commissioners [through an additional tax levy] is specially appropriated andconstitutes a fund distinct from all others, in the hands of the county treasurer until the obligations assumed are discharged." 19 O.S. 2001, § 386[19-386] (emphasis added).
¶ 7 Further, Section 387 of Title 19 provides:
 Whenever there remains in the treasury of any county an unexpended balance of any special fund, and all claims against such funds have been fully paid, and the purpose for which it was created has been fully observed, and there remains no further use for such balance for the purpose for which it was created, it shall be lawful for the board of county commissioners of such county to transfer such balance to any other fund of the county or subdivision to which such balance belonged."
Id. (emphasis added). This statute is consistent with the earlier cited constitutional and statutory requirements that the proceeds of the special tax can only be used for the voter-approved purpose.For example, in Attorney General Opinion 83-217, we concluded that a county sales tax earmarked for a specific purpose may not be used for another purpose. Id. at 400. In Attorney General Opinion 84-183, while we said that where the purpose for which a municipal sales tax was being collected was accomplished and a surplus existed in the special fund, or where the necessity of maintaining the special fund no longer existed, the balance could be transferred to the municipal general fund, this was pursuant to a specific statute, 11 O.S. 1981, § 17-215[11-17-215], which expressly approved such a procedure. A.G. Opin 84-183, at 329.
¶ 8 Attorney General Opinion 84-183 also cited St. Louis-SanFrancisco Ry. Co. v. Ottawa County Excise Board, 207 P.2d 275,277 (Okla. 1949) and Black v. Oklahoma Funding Bond Commission,140 P.2d 740, 743 (Okla. 1943) for the proposition that where the actual purposes for which the tax was levied have been met and no longer exist, the incidentally accrued surplus may be transferred to the general fund. A.G. Opin 84-183, at 329-30. This appears consistent with the position taken by the Oklahoma Supreme Court in Mid-Continent Pipe Line Co. v. Creek County Excise Board,169 P.2d 744, 747-48 (Okla. 1946) that, before money in a special building fund may be used for a purpose other than originally approved, the governing board must determine that a surplus exists in the fund, and that either the purpose has been accomplished or the project has been abandoned or is no longer able to be accomplished. See 62 O.S. 2001, § 333[62-333].
¶ 9 The circumstances existing in the above-cited cases do not exist in this instance. While a surplus may have accumulated from some years of tax collection, the purposes for which the tax was approved and collected, i.e., operation and maintenance of the county jail and operation of the sheriff's office, have neither gone away nor become impossible to perform.
¶ 10 By terms of the enabling legislation, the subject county sales tax can be used only for jail and sheriff's purposes. You ask, in effect, what happens to excess money when, in a given year, county sales tax revenues for jail and sheriff's purposes exceed the cost of providing these services, or at least, when money drawn from this source is less than the total revenues realized. May the excess money be carried over to a subsequent fiscal year for jail or sheriff's purposes, or if not spent in a given year, must it be transferred to the county's unrestricted general revenue fund, to be available for general county purposes?
 County Budget Procedure
¶ 11 The subject county has not adopted the County Budget Act, 19 O.S. 2001 Supp. 2004, §§ 1401-1421, so the provisions of that Act do not apply here. In a non-budget act county the county commissioners, relying on input from the various county officers, prepare an estimate of needs for the coming fiscal year and a financial statement, which are submitted to the county excise board for approval. See 68 O.S. Supp. 2004. § 3002. Once approved by the excise board this becomes the official budget for the county for the ensuing fiscal year.[3] 68 O.S. 2001, § 3010[68-3010].
¶ 12 Nothing in the county budget statutes prohibits a county from carrying a balance forward into the next fiscal year. See
68 O.S. 2001 Supp. 2004, §§ 3001-3033. This would be done by the county commissioners in the estimate of needs, earmarking or designating surplus funds to be transferred to a particular fund in the next fiscal year. 68 O.S. Supp. 2004, § 1370[68-1370](E), (I). The money is "appropriated" by the county commissioners when its estimate of needs is approved by the county excise board. 68 O.S. 2001, § 3010[68-3010]; see Summey v. Tisdale, 658 P.2d 464, 467 (Okla. 1982).
¶ 13 Since the county sales tax proceeds can be used for no purpose other than the operation of the sheriff's department and maintenance and operation of the jail, we conclude that although the proceeds are put in the county's general fund, they must be accounted for in a specific fund or account and any surplus at the end of one fiscal year must be transferred to the next fiscal year's budget for the same purpose. 68 O.S. Supp. 2004, § 1370[68-1370](E), (I); 19 O.S. 2001, §§ 386[19-386], 387.
¶ 14 It is, therefore, the official Opinion of the AttorneyGeneral that:
 1. Proceeds of a county sales tax approved by voters for the specific purposes of operation of the county sheriff's office and construction, operation and maintenance of the county jail can only be used for those purposes, and may not be used for any other purpose. Okla. Const. art. X, § 19; 68 O.S. Supp. 2004, § 1370(E).
 2. Any change in the rate of a county sales tax proposed to adjust the amount of revenues produced by the tax must be approved by voters. 68 O.S. Supp. 2004, § 1370(A).
 3. Proceeds of a county sales tax voted for a specific purpose but placed in the county's general fund must be accounted for as a discrete fund, and any surplus not needed for the stated purpose during one fiscal year must be transferred to the county budget for the next fiscal year, for the same specified purpose. 68 O.S. Supp. 2004, § 1370(E), (I); 19 O.S. 2001, §§ 386[19-386] 387; 68 O.S. 2001, § 3010[68-3010].
 W.A. DREW EDMONDSON Attorney General of Oklahoma
 LYNN C. ROGERS Assistant Attorney General
[1] The election proposition stated:
 SHALL THE VOTERS OF . . . COUNTY APPROVE A LEVY OF AN EXCISE (sales) TAX OF ONE PERCENT (1%) FOR A PERIOD OF FOUR (4) YEARS, THEN MODIFYING SAID TAX TO ONE-HALF PERCENT (1/2 %) PERMANENTLY, UPON THE GROSS PROCEEDS OR GROSS RECEIPTS DERIVED FROM ALL SALES OR SERVICES IN THE COUNTY WHICH ARE TAXABLE UNDER THE SALES TAX LAW OF OKLAHOMA, ALLOCATING THE MONTHLY INCOME OF SAID TAX TO THE GENERAL REVENUE FUND OF . . . COUNTY FOR THE EXCLUSIVE PURPOSES OF CONSTRUCTION, MAINTENANCE, AND OPERATION OF A MODERN COUNTY JAIL FACILITY, AND OPERATION OF THE . . . COUNTY SHERIFF'S DEPARTMENT?
 Official County Ballot Special Election, Aug. 25, 1992, Ottawa County, Oklahoma (photocopy on file in the Oklahoma Attorney General's office) (emphasis added) [hereinafter County Ballot]. No additional details on use of the tax were provided in the resolution. See Res. No. 92-10 (June 29, 1992) (photocopy on file in the Oklahoma Attorney General's office).
[2] Section 1370(G) of Title 68 calls for sales tax proceeds to be placed in a special revenue account of the sheriff, but this is where the tax levied is designated to be used solely by the sheriff for the operation of the sheriff's office. In this case, the tax was also to be used for jail maintenance and operation.
[3] See A.G. Opins. 00-30; 96-14 (summary of the county budget process).